ON PETITION EOR REHEARING.
Wilson, P. J.
In their brief supporting a petition for rehearing, counsel cite the following extract from Longan v. Carpenter, 1 Colo. 214: “ How is it when he (the creditor), brings his action on the mortgage in a court of equity? Then the mortgage is the foundation of the suit, and the remedy sought is the foreclosure of the equity of redemption. The note is used to compute the amount; it has no other office to perform. The mortgage in one sense, and an important one too, has a character of its own. If one holds a note against which the statute of limitations has run, and also a mortgage or pledge of real or personal property to secure it, he cannot sue on the note,' but *289 he can take and hold possession of the property, and sell it if it be personal property, with proper precautions ; and if real property, he can have a bill in equity to foreclose his mortgage ; and if his lien fails to pay the whole of his debt, he loses the remainder, because he can have no action upon it, although he may have proper process founded upon the debt, and security to establish his lien, and make it available in the payment of his debt. A mortgage may be enforced so long as it is available, although the debt secured by it is barred by the statute of limitations.”
Chief Justice Hallett filed a vigorous dissenting opinion, but counsel say it was based upon other grounds, and does not refer to the holding of the majority in that portion of the opinion above quoted nor to the particular subject under consideration here. The case was appealed to the supreme court of the United States, and was by that court reversed, but counsel say that the reversal was not placed upon this specific ground, nor did that court in its opinion specifically discuss the question involved in this case. Carpenter v. Longan, 16 Wall. 271. The Longan case was a suit brought by an assignee of a note assigned before maturity, to foreclose a mortgage given to secure payment of the note. The payor claimed that by reason of certain equitable considerations arising from transactions between her and the original payee of the note, she was entitled to some credits, and the sole question presented to the court for determination was whether the assignee being a bona fide purchaser of the note without notice, and before maturity, took it and the mortgage freed and discharged from all equities and defenses that existed in favor of the mortgagor and against the mortgagee. Or as concisely stated by the federal supreme court in its opinion: “ The question presented for our determination is, whether an assignee, under the circumstances of this case takes the mortgage as he takes the note, free from the objections to which it was liable in the hands of the mortgagee.”
The question here presented for our determination, and upon which the majority of the territorial court expressed its *290 opinion in the extract above quoted, did not arise at all. It was not involved in the decision of the case before it, either directly or remotely. It may be said, however, that it should nob be entirely rejected as obiter, because certain fundamental principles were necessarily involved in the decision of that case which are the same as in this, and that the reasoning of the court should have weight, even though it went to the extent of apparently expressly deciding a point which was not before it. Conceding the force of the suggestion as to this particular case, we will briefly consider it.
The ground upon which the court based its opinion or dictum with reference to the question here presented was that the note and mortgage were separate and distinct instruments, having separate, distinct and independent characters, and that the latter was not assignable at law. The court said, quoting with approval an opinion in an old Illinois case, “ He who holds a note and also a mortgage, holds in fact two instruments for the security of the debt; first, the note with its personal security, which is commercial paper, and as such may be enforced in the courts of law, with all the rights incident to such paper; and the other, the mortgage with security on land, which may be enforced in the courts of equity, and is subject to the equities existing between the parties.” The court further said: “ But it may be urged that the mortgage is accessory to the note, that it is attached to, and being so attached it is, and must remain, inseparable. This is true as long as both instruments remain in the hands of the mortgagor. But when he assigns the note, there is in law a separation. The assignee can take his note into a court of law and recover a judgment upon it, but he cannot take the mortgage there ; he cannot claim the benefit of it there. He is confined simply to his remedy on the note. Whatever judgment he recovers is purely a personal one. He will not be heard to say that the maker of the note pledged a special fund, out of which the debt must be satisfied. The court could reply, and with reason, whatever your rights may be in equity, there is no law authorizing your assignor to transfer to you the *291 mortgage. It does not follow you into this court.” This immediately precedes that portion of the opinion which we have quoted, and which refers to the point here in issue. The court further says in another part of the opinion, as if to emphasize this position, “ Does not this indicate that the mortgage and the instrument which it secures have separate and independent characters ? ” On page 211 the opinion further says, “ He who buys that which is not assignable at law, relying upon a court ot chancery to protect and enforce his rights, takes it subject to all infirmities to which it is liable in the hands of the assignor, aiid the reason is that equity will not lend itself to deprive a party of a right which the law has secured, if such right is intrinsically just in itself.”
The dissenting opinion of Judge Hallett vigorously attacks the principles here enunciated by the majority of the court, and which were absolutely necessary to sustain, if it could be sustained at all, the dictum of the court upon the question we have under consideration. On page 220, he said: “To the same effect are all the authorities, and no one can now be found to question the doctrine that a mortgage is a mere incident to the indebtedness it is intended to secure, inseparable from it and incapable of existence without it. It is a truism of the law that a mortgage is a security for indebtedness accompanying the latter through all hands, and ultimately sharing the same fate.”
Again, on page 222, “The debt is the principal thing, the mortgage the incident, the transfer of the debt carries with it the mortgage.” Again, on page 224, “ Where the indebtedness is evidenced by a separate instrument, a court of equity is as much bound to give effect to that instrument as to the mortgage. * * * It is impossible to say that there is anything due upon the mortgage disconnected from the note, for the reason that the note alone determines the amount of the indebtedness.”
The opinion of the United States supreme court, — a unanimous one, by the way, — sustaining the position of Judge Hallett, went to the heart of the matter in plain and concise *292 language. It said: “ The note and mortgage are inseparable, the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.” Again, on page 275, “ All the authorities agree that the debt is the principal thing, and the mortgage an accessory. * * * The mortgage can have no separate existence.” It seems to us clear and indisputable that the federal court expressly overruled and reversed the majority of the territorial court in its enunciation of certain principles which are absolutely essential to sustain the opinion of the territorial court upon the question whether the bar of the statue of limitations which had arisen against an indebtedness would be also effective against the mortgage given to secure it.
In Kennicott v. The Supervisors, 16 Wall. 469, the supreme court of the United States, citing and reaffirming Longan v. Carpenter, said it had been decided in the latter case “ that where a note secured by a mortgage is transferred to a bona fide holder for value before maturity, and a bill is filed to foreclose the mortgage, no other or further defenses are allowed as against the mortgage than would be allowed were the action brought in a court of law upon the note.” This being true, does it not follow as a corollary to the proposition that such defenses as might be interposed in a suit at law upon the note would be allowed and be of at least equal force in an action to foreclose the mortgage, which was a mere incident to the debt evidenced by the note ?
Besides, there have been repeated decisions by our supreme court since Colorado became a state, and adopted a code, which are in accordance with the reasoning of the United States supreme court in Longan v. Carpenter, and are in direct conflict with that of the territorial court in the same case. In addition to those cited in our original opinion, we give a few others. Fassett v. Mulock, 5 Colo. 466; Barth v. Deuel, 11 Colo. 494.
In Coler v. Barth, 24 Colo. 31, 38, the court said, “It is stated as a general rule, and it is unquestionably correct, that *293 a note secured by a mortgage, or a deed of trust in the nature of a mortgage, is the principal thing, and the security but an incident.”
In Fassett v. Mulock: “ It is a familar principle that a mortgage is but an incident of the debt it secures and an assignment of the debt carries the mortgage with it.”
The legal principles involved in the determination of the question before us are ably and fully discussed in the opinions in two California cases, both of which were rendered by the distinguished Chief Justice, Stephen J. Field. Nagle v. Macy, 9 Cal. 426; Lord v. Morris, 18 Cal. 484. His reasoning and conclusions are in accord with the trend of the decisions of the appellate courts of this state, and with the supreme court of the United States in the case cited, as to the principles involved. He shows that the decisions in the other jurisdictions holding that even though the limitation bar was complete against the debt, yet it could not avail to defeat a foreclosure of the mortgage, rested upon a doctrine with respect to mortgages which was adhered to in those states, but which was entirely different from that held in California. That which these opinions declare to be the California doctrine has been and is the doctrine held in this state, namely, that a mortgage is regarded between the parties, as well with reference to the rights of the mortgagee and his dealings with other persons, as a mere security, creating a lien or charge upon the property. We cite also to the same effect, Schmucker v. Sibert, 18 Kan. 105, where the opinion was written by Judge Brewer.
We see nothing in the able brief of counsel to shake our conclusions, and the petition for rehearing will be denied.