## NAGLE v. MACY.

It is the settled doctrine of the law, repeatedly affirmed by this Court, that the prior possession of the plaintiff, or parties though whom he claims, is sufficient evidence of title to support the action of ejectment.

In this State, a mortgage is not treated as a conveyance, vesting in the mortgagee any estate in the land, either before or after condition broken. It is a mere security for the debt, and default in the payment does not change its character.

Possession by the mortgagee cannot abridge, enlarge, or otherwise affect his interest, nor convert that which was previously a security into a seizin of the freehold.

If the mortgage confers no right of possession, entry under it can give none. It does not change the relation of debtor and creditor, or impair the estate of the mortgagor, but leaves the parties exactly as they stood previous to such possession.

The character of a mortgage, as security, is in no way affected by the fact that judgment for the debt has been obtained.

The debt and mortgage are inseparable. The latter must follow the former. As distinct from the debt, the mortgage has no determinate value, and is not a subject of transfer.

Where the mortgagor dies after decree of foreclosure entered, and no administration is had upon his estate, it seems that there is no reason why the execution of the decree should be stayed. The suit is in the nature of a proceeding in rem. The decree binds the specific property, and the case is within the reason of the proviso in section one hundred and forty-one of the Act Concerning the Estates of Deceased Persons.

The title of a purchaser under a sale on a decree of foreclosure, cannot be impeached in a collateral action, for irregularity in the proceedings on the sale.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This is an action of ejectment, to recover a lot situated in the city of San Francisco. It appears, from the record, that Thaddeus M. Leavenworth occupied the premises from some time in 1849 until March, 1850, when he conveyed them to Mitchell. In September, of the same year, Mitchell conveyed them to Wright, who, in November following, conveyed them to Evans. On the receipt of his conveyance, Evans executed a mortgage to Leavenworth, as security for the payment of $923, and interest, within ninety days, and took possession of the premises, and occupied them from that time until March, 1851, when, not having paid any portion of the principal or interest upon the mortgage, he surrendered the possession to Leavenworth.

In May, 1851, Leavenworth commenced a suit in the District Court of San Francisco county, to foreclose the mortgage, and, upon the confession of Evans, judgment was entered for the amount due, and for the sale of the mortgaged premises. Evans died in March, 1852, and after his death, a certified copy of the

decree was delivered to the Sheriff, and a sale of the premises was had, at which Leavenworth became the purchaser, and received a sheriff's deed. There is no proof of any administration upon the estate of Evans, or of any order of the Probate Court, authorizing the sale.

From the surrender of Evans, in 1851, until 1855, Leavenworth was in possession of the premises, by himself, or by tenants under him. In March, 1857, he conveyed to the plaintiff.

In the Spring of 1855, Wm. C. Leavenworth, a brother of Thaddeus, entered upon the premises, they being vacant at the time, and three or four weeks afterwards gave a quit-claim-deed to Whitney, who went into possession, and remained until February, 1856, when he conveyed to the defendant, who has been in possession ever since.

The case was, by consent, referred to a referee, upon whose report judgment was entered for the plaintiff, and a motion for a new trial having been denied, the defendant appealed; and for a reversal, contended, *first*, that no title was shown in the plaintiff, or in Leavenworth, through whom the plaintiff claimed, sufficient to support the action; and, *second*, that the Court erred in refusing a new trial.

*G. P. Fobes* for Appellant,

Cited Bird v. Lisbros, (9 Cal.,) and section one hundred and forty-one of the Act Regulating the Settlement of the Estates of Deceased Persons.

*John Satterlee* for Respondent.

As the law formerly stood, the mortgagee held the legal title, and was entitled to the possession, even as against the mortgagor. But, by the statutes of California, the mortgagee has not the right of possession as against the mortgagor.

But, after the debt becomes due and payable, the mortgagee may take and retain such possession, until the debt is paid. Warring v. Smith, 2 Barb. Ch. R., 119, 135.

While in possession, the mortgagee may exercise the right of owner. 4 Kent's Com., 161 or 165.

FIELD, J., after stating the facts, delivered the opinion of the Court—BURNETT, J., concurring.

It is the settled doctrine of the law, repeatedly affirmed by this Court, that the prior possession of the plaintiff, or parties through whom he claims, is sufficient evidence of title to support the action of ejectment. (Hutchinson v. Perley, 4 Cal., 33; Winans v. Christy, ib., 70; Plume v. Seeward, ib., 94.) This doctrine is not denied by the appellant, but the point of his objection is that the title of which the prior possession is evidence, passed from Leavenworth by his conveyance to Mitchell, and

the subsequent possession of Leavenworth from Evans was that of mortgagee ; that, as mortgagee, his conveyance to the plaintiff, executed over two years after leaving the premises, passed no title or right of possession ; and that the sale and deed, under the decree of foreclosure, having been made subsequent to Evans' death, are void.

In this State, a mortgage is not treated as a conveyance, vesting in the mortgagee any estate in the land, either before or after condition broken. It is a mere security for a debt, and default in the payment does not change its character. Neither can possession under the mortgage affect the nature of the mortgagee's interest, though by the language of the decisions it would seem otherwise. It can neither abridge or enlarge that interest, or convert what was previously a security into a seizin of the freehold. If the mortgage confers no right of possession, entry under it can give none. It does not change the relation of creditor and debtor, or impair the estate of the mortgagor, but leaves the parties exactly as they stood previous to such possession. In this State, the owner of a mortgage can not become the owner of the mortgaged premises, except by purchase upon sale under judicial decree, consummated by conveyance. (See McMillan v. Richards, decided at the present term.)

It follows that Thaddeus Leavenworth, as mortgagee, had only a chattel interest, and that the title to the premises was still in Evans, the mortgagor. The character of the mortgage, as security, was in no way affected by the fact that judgment for the debt had been recovered. The judgment was not assigned with land, and the transfer of the latter without the former could not be available for any purpose. The debt and the mortgage are inseparable. The latter must follow the former. As distinct from the debt, the mortgage has no determinate value, and is not a subject of transfer. In Jackson v. Bronson, (19 John., 325,) the mortgagor sustained ejectment against the grantee of the mortgagee, the Court holding the assignment of the interest of the mortgagee in the land, without an assignment of the debt, a nullity.

In Ellison v. Daniels, (11 New Hamp., 274,) the demandant was mortgagor, and the tenant claimed under the mortgagee, through various mesne conveyances ; and it was held that nothing passed to the tenant. By the decisions in New Hampshire, the interest of a mortgagee is treated, so far as may be necessary for his protection, as real estate ; but the Court say, in the case cited, that to enable the mortgagee to sell and convey the estate, is not one of the purposes for which his interest is to be thus treated ; that there is no necessity that it should be so treated, as the sale can be equally well effected by the

transfer of the debt secured by the mortgage. (Bell *v.* Morse, 6 N. H., 205.)

In Peters *v.* Jamestown Bridge Company, (5 Cal., 336,) the mortgagee, Perry, had conveyed the property to one person, and assigned the mortgage to another, and this Court held that the plaintiff who claimed under the mortgagee could not enjoin a sale of the premises upon a decree recovered by the assignee. "The deed from Perry to plaintiff could not operate," said Heydenfeldt, J., "as an assignment of the mortgage. The latter is a mere security for the debt, and cannot pass without a transfer of the debt; so it would seem that the two transactions are totally different in character; the intent of the one is to convey the title to the land, of the other to transfer a debt with its security."

In considering the rights of Leavenworth, as mortgagee, we have only carried the equitable doctrine respecting mortgages to its legitimate result. The provisions of section two hundred and sixty of the Practice Act have no application, as the mortgage was executed previous to their adoption.

The next question for consideration relates to the validity of the sale under the decree of foreclosure. It is insisted that the sale is void, because made after the death of the mortgagor. The decree is not set forth in the record, but it is presumed to be in the regular form—directing a sale of the premises, and application of the proceeds to the payment of the debt, a deposit in Court of any surplus, and execution for any deficiency. The Court had jurisdiction of the subject and the parties. The mortgage was a specific lien on the premises, and the decree directs their sale for its satisfaction.

It does not appear that any administration has been had on the estate of the deceased, nor that the deceased has any heirs in this State. It is difficult to perceive any valid grounds why the execution of the decree, in the enforcement of the lien, should be stayed under these circumstances. The suit to foreclose a mortgage is in the nature of a proceeding *in rem*. (16 Ohio, 141.) The decree binds the specific property, and the case is within the reason of the proviso in the one hundred and forty-first section of the Act Relating to the Estates of Deceased Persons, (Compiled Laws, 396;) and we do not think it was necessary to revive the decree by a bill, or by a proceeding in the nature of a *scire facias*. (Mitford's Ch. Plead., 69.) But, admitting the sale was irregularly made without a revival of the decree, it is not void but only voidable. It is good until regularly set aside, and the title of the purchaser under it cannot be impeached in this collateral action for any irregularity in the proceedings. (Jackson *v.* Bartlett, 8 Johns., 361; Jackson *v.* Robins, 16 Johns., 576.)

The motion for a new trial was properly overruled. The alle-
28

gation of the discovery of a deed of the premises from Thaddeus Leavenworth to William Leavenworth, made in the affidavit of the plaintiff, upon which the motion was based, was fully answered by the counter-affidavit of Thaddeus Leavenworth, that he never executed any such deed.

Judgment affirmed.