[Civil No. 1570.   Filed February 16, 1918.]

[170 Pac. 866.]

J. D. KENNEY, Trustee of the TOWN OF MIAMI, Appellant, v. BANK OF MIAMI and the TOWN OF MIAMI, Appellees.

1. PLEADING—ADMISSION—SCOPE.—In an action of interpleader by a bank against a town and its trustee, admission in the complaint of interpleader that an order of the board of supervisors was made disincorporating it did not confess the order's regularity or legality, especially when controverted by the town, so as to make it the bank's legal duty to pay the fund deposited with it by the town to the trustee.

2. COUNTIES—BOARD OF SUPERVISORS—FORCE OF DETERMINATION AND ORDERS—JURISDICTION.—The powers and duties of the board of

supervisors of a county are purely statutory, and its determination and orders, to be binding and conclusive, must be clearly within its jurisdiction as fixed by law.

3. INTERPLEADER—RIGHT TO MAINTAIN COMPLAINT — CONTROVERSY AS TO OWNERSHIP OF FUNDS IN BANK.—Where a town deposited money as a checking account with a bank, and such fund was claimed by the trustee of the town by virtue of an alleged disincorporation order of the board of supervisors of the county purporting to have appointed the trustee as such, but the town refused to recognize the validity of the order of the board, maintaining it was void by reason of illegality in its procurement, the bank could maintain complaint in interpleader against the town and its claimed trustee to determine the ownership of the fund.

[As to the right of interpleader, see note in 91 Am. St. Rep. 593.]

4. TOWNS—COUNTY BOARD OF SUPERVISORS—CONCLUSIVENESS OF FINDING—PETITION FOR DISINCORPORATION OF TOWN—STATUTE.—Under Civil Code of 1913, paragraph 1880, making it a condition precedent to any order of disincorporation of a town by the board of supervisors of the county that a petition of two-thirds of those persons paying a property tax within the town shall be filed with the board, since the statute fails to enjoin the duty or power upon a board to find and settle the fact of the filing of such petition, any determination made by the board that such petition was filed is not final and conclusive, because not so declared.

5. TOWNS—DISINCORPORATION BY COUNTY SUPERVISORS—BINDING FORCE OF ORDER ON TOWN.—A town is not bound by the determination of the board · of supervisors of the county disincorporating it in the absence of the existence of facts authorizing the board under the statute to make the order of disincorporation.

6. TOWNS—DISINCORPORATION BY BOARD OF SUPERVISORS—FRAUD—CONCLUSIVENESS OF DETERMINATION.—Even if Civil Code of 1913, paragraph 1880, empowered the board of supervisors of a county to ascertain and determine the facts conferring jurisdiction upon it to grant petition of taxpayers for disincorporation of a town, its determination would not be conclusive, if procured through fraud.

7. TOWNS—DISINCORPORATION BY BOARD OF SUPERVISORS—RESOLUTION APPARENTLY VALID — IMPEACHMENT. — In interpleader by a bank against a town and its trustee to determine ownership of a deposit, the court should have required the town to make proof of its allegations tending to impeach the county board of supervisors' resolution for its disincorporation under which the trustee claimed; the resolution, not apparently void on its face, should be taken as valid and of binding effect until impeached for fraud or want of jurisdiction.

APPEAL from a judgment of the Superior Court of the county of Gila.  A. G. McAlister, Judge.  Reversed and remanded, with directions.

Mr. F. C. Jacobs, Mr. C. L. Rawlins, Mr. William E. Brooks and Mr. Richard E. Sloan, for Appellant.

Mr. A. C. McKillop, Mr. H. M. Foster and Mr. George F. Senner, for Appellees.

ROSS, J.—This action was instituted by the Bank of Miami to compel the town of Miami and J. D. Kenney to interplead and litigate their respective claims to $1,874.71, held on deposit by the bank. It is shown by the complaint that this fund was placed with the bank by the town as a checking account; that J. D. Kenney, as trustee of the town, claims it "by virtue of an alleged order of the board of supervisors of the county of Gila, state of Arizona, purporting to have appointed said Kenney as trustee of the town"; that the town refuses to recognize the validity of the order of the board of supervisors, maintaining that it was wholly void by reason of gross illegality in its procurement; that the bank had been warned by the town authorities not to pay said fund to Kenney; that Kenney, acting as trustee, was attempting to secure said fund by drawing his check against the bank; that the bank is ignorant of the respective rights of the town and Kenney; that it does not know what course to pursue; that it has no remedy at law, and that it fears, unless given relief, that it will be subjected to a multiplicity of suits; that it has no interest in said fund whatsoever, being merely a stakeholder thereof.

To this complaint Kenney interposed a general demurrer, the overruling of which he assigns as error. He insists that the complaint shows upon its face that the town of Miami is no longer a municipal corporation. It may be conceded that the allegation of the appointment of Kenney as trustee admits that an order of the board of supervisors was made disincorporating the town of Miami, but the admission that such an order was made would not confess its regularity or legality, especially when controverted by the town, so as to make it the plain legal duty of the bank to pay the fund deposited with it by the town to Kenney. It must be remembered that the powers and duties of the board of supervisors are purely statutory, and that its determination and orders, to be binding and conclusive, must be clearly within its jurisdiction as fixed by law.

"The appropriate allegations in a bill of interpleader are, in purport: (1) That two or more persons have a claim against the plaintiff; (2) that they claim the same thing; (3) that the plaintiff has no beneficial interest in the thing claimed; and (4) that he cannot determine without hazard to himself to which of the defendants the thing of right belongs." 15 R. C. L. 229, § 12.

The town of Miami, vigorously contesting the legality of the board's order of disincorporation and demanding of the bank the return of the funds that it had placed with it, the appellee bank might well have entertained serious doubts as to which the money it held belonged and should be paid; for, under the circumstances, if the bank paid the money to Kenney, it might later, if the order of the board of supervisors should be declared to have been entered without jurisdiction, have to account for the funds to the town of Miami. The court did not err in overruling the demurrer to complaint in interpleader.

The appellant, Kenney, and the town of Miami each set forth in his answer to the complaint the ground upon which he laid claim to the funds paid into court by the bank. Appellant relies entirely upon the order of the board of supervisors made and entered in its minutes February 8, 1916, purporting to disincorporate the municipality of Miami, and to appoint appellant as trustee with authority to wind up its affairs, etc. The appellant makes no contention that, as a matter of fact, the petition contained the requisite number of qualified signers, but relies solely upon the finding of the board of supervisors:

"That said petition contains the signatures of more than two-thirds of the persons paying property tax within said town of Miami under the provisions of chapter 2, title 7, of the Revised Statutes of Arizona in the preceding year and residing within such town, and such is found to be the fact."

He insists that this finding is conclusive and may not be disproved by parol evidence, especially in this kind of action.

The appellee town, while admitting an order of disincorporation was made, contends that the board acted without jurisdiction for the reason that the petition filed with the board asking for disincorporation did not contain the signatures of two-thirds of those persons paying property tax within the town of Miami in the preceding year and residing within the

town at the time of filing the petition. Amplifying this allegation, appellee gives the names of 22 persons appearing upon the petition who, it is alleged, did not sign the petition, 15 who signed it under fraudulent representations or through duress, several who signed the petition early in 1915, but who had changed their minds and were against disincorporation on February 8, 1916, when the petition was acted upon, that some 36 of the signers were not residing in the town at the time the board acted, and that two petitions were filed with the board upon which many names were duplicated.

We think the contention of the appellant that the order of the board of supervisors disincorporating the town is conclusive and final depends upon the terms of the statute authorizing the board to act.

If the law imposes the duty upon the board to ascertain and pass upon the facts conferring jurisdiction upon it, a finding and decision by it of the existence of those facts is final and conclusive. But, where the law makes it an indispensable condition that a certain fact or facts exists before the board can act, and fails to clothe it with the power and machinery to find the facts, its determination is not final and conclusive.

The whole law under which the board acted is contained in section 1880 of the Civil Code, and reads as follows:

"The county supervisors of the county in which any such town is situated, may, upon the petition of two-thirds of those persons paying a property tax within such town, under the provisions of this chapter, in the year preceding, and residing within such town, disincorporate such town and appoint a trustee with authority to wind up the affairs of the corporation, sell and convey its property, real and personal, pay the debts of the town, and return the surplus of the proceeds of the property of the town into the county treasury, to be there disposed of for the improvement of roads in the vicinity wherein such town is situated."

This statute makes it a condition precedent to any order of disincorporation by the board that a "petition of two-thirds of those persons" described therein shall be filed with it. A petition of less than two-thirds would not confer jurisdiction of the subject matter, and, since the law fails to enjoin the duty or power upon the board to find and settle that indispensable fact, any determination made by the board would

not be final and conclusive, because it is not so declared by the law. The distinction alluded to may be illustrated by reference to section 1822 of the Civil Code, providing for the incorporation of cities and towns. In *Faulkner* v. *Board of Supervisors,* 17 Ariz. 139, reading at page 142, 149 Pac. 382, we said:

"The board of supervisors are constituted by this statute the agents of the state with authority, upon being satisfied that the conditions therein prescribed exist, to issue the state's license to petitioning communities endowing them with certain of the powers and prerogatives of the sovereign. It is not provided by this statute what steps the board shall take in determining the qualifications of the city or town to entitle it to incorporation. The condition is that the board 'shall be satisfied,' that the proposed corporation contains a population of 500 or more, and that two-thirds of the taxable inhabitants therein have joined in the petition praying for the incorporation, whereupon it becomes the duty of the board, by an order to be entered of record, to declare such city or town incorporated."

In the matter of incorporating cities and towns, if the board "shall be satisfied" that the facts exist authorizing it to act, it may make its order of incorporation. It is the satisfaction or belief of the board of the existence of the conditions named by the legislature, entitling a given community to be incorporated, that authorizes an order of incorporation; whereas, before an order can be made under section 1800, *supra,* dissolving the municipality, the actual fact of a petition of two-thirds of the persons described must be presented before the board would acquire jurisdiction of the subject matter.

In *State* v. *Porter* (N. M.), 169 Pac. 471, a case involving the effect of an order of the county commissioners of Curry county, New Mexico, incorporating the village of Melrose, ROBERTS, Justice, stated the rule we are considering as follows:

"In Freeman on Judgments, paragraph 523, the rule is thus stated: 'Wherever the jurisdiction of the court not of record depends on a fact which the court is required to ascertain and settle by its decision, such decision, if the court has jurisdiction of the parties, is conclusive, and not subject to any collateral attack.' But if the local board or other tribu-

nal is authorized and empowered to take certain action only · upon the petition of a majority of the property owners, taxpayers, or residents within a certain defined area or district, and is not vested with authority to determine whether or not the petition is signed by the owners of the required amount of property, residents, or taxpayers, then its action may at any time be shown to have been without jurisdiction and void, by establishing the fact that the petition on which it acted was not so signed.''

The determination of the board that the petition contained the requisite number of qualified signers does not conclude the question for the reason that the legislature has seen fit to make the board's jurisdiction depend upon the actual fact of two-thirds of the persons named, petitioning, and not upon the board's finding that such two-thirds did petition. The answer of the town raises issues of fact which, if true, show the board never acquired jurisdiction of the subject matter of disincorporation, and was without power to act in the premises.

It is said in *Beardslee* v. *Dolge,* 143 N. Y. 160, 42 Am. St. Rep. 707, 38 N. E. 205, a case involving the decision of a road commissioner in laying out a road:

''The official determination of the defendant as to the fact upon which his power to act depended is not conclusive, and if the fact does not exist, his decision that it did does not establish jurisdiction. . . . Where there is a want of authority, to hear and determine the subject matter of the controversy, an adjudication upon the merits is a nullity, and does not estop even an assenting party. . . . The present action is in the nature of a collateral attack upon the proceedings of the defendant as highway commissioner for want of jurisdiction. Such an attack can be made upon any judgment where there is no jurisdiction.''

The town of Miami was not a party to the proceedings had before the board of supervisors at the time the order dissolving it was entered. The law does not require that it be given notice or a hearing, and in no view of the case would it be bound by the determination of the board in the absence of the existence of facts authorizing the order of disincorporation.

Should it be contended that the language of section 1800, by implication, if not in terms, empowers the board to ascertain and determine the facts conferring jurisdiction upon it,

still, under all of the decisions, its determination would not be conclusive if procured through fraud. *State* v. *Holcomb,* 95 Kan. 660, 149 Pac. 684; *People* v. *Los Angeles,* 133 Cal. 338, 65 Pac. 749; *People* v. *Ontario,* 148 Cal. 625, 84 Pac. 205; *State* v. *Fleming,* 158 Mo. 558, 59 S. W. 118; *State* v. *Goodwin,* 69 Tex. 55, 5 S. W. 678.

There is also a line of decisions recognizing the right to overcome by parol evidence the findings of the legislative agent in the incorporating of towns, in the absence of fraud, notwithstanding the law vests the agent with authority to ascertain and determine the facts prerequisite to incorporation. *People* v. *Stratton,* 33 Colo. 464, 81 Pac. 245; *Page* v. *Board of Supervisors,* 85 Cal. 50, 24 Pac. 607; *State* v. *Clark,* 75 Neb. 620, 106 N. W. 971; *Kamp* v. *People,* 141 Ill. 9, 33 Am. St. Rep. 270, 30 N. E. 680; *City of Lake Charles et al.* v. *Police Jury of Parish of Calcasieu et al.,* 50 La. 346, 23 South. 376.

The case was submitted to the trial court upon the pleadings. The court entered a judgment in favor of the appellee, town of Miami. This, we think, was error. Under the issues as formed, the court should have required the town to make proof of its allegations tending to impeach the resolution of disincorporation. The resolution, not appearing to be void on its face, should be taken as valid and of binding force and effect until impeached for fraud or want of jurisdiction.

The judgment of the lower court is reversed and the cause remanded, with directions that a new trial be granted.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.