FIRST NATIONAL BANK OF SACO, RESPONDENT, *v.* VAGG
ET AL., APPELLANTS.

(No. 4,890.)

(Submitted September 27, 1922.   Decided November 13, 1922.)

[212 Pac. 509.]

*Real Estate Mortgages — Promissory Note — Assignment of Mortgage Alone a Nullity—Trial—Evidence—Surrebuttal— Proper Refusal.*

Real Estate Mortgage—Assignment—Effect.
  1.  A real estate mortgage is a conveyance of a chattel interest only, and title to it passes to an assignee by the assignment of the debt or obligation secured by it.
Same—Assignment of Mortgage Without Note a Nullity.
  2.  While an assignment of a note secured by mortgage carries with it the mortgage, an assignment of the mortgage alone is a nullity and confers no right whatever upon the assignee.
Same—Assignment of Mortgage Alone—Evidence of Title Immaterial.
  3.  In an action to foreclose a real estate mortgage securing a promissory note, *held* under the above rules that by the transfer of the note to plaintiff it also became the owner of the mortgage, and evidence of the subsequent assignment of the mortgage to another for the purpose of showing ownership of the latter was immaterial and properly excluded.
Trial—Surrebuttal—When Refusal not Error.
  4.  Where plaintiff did not inject any new matter in rebuttal and defendants did not ask leave to offer evidence in their original case

[65 Mont. 34.]

nor make any offer of proof, refusal to permit them to introduce testimony in surrebuttal was not an abuse of discretion.

Appeal—Incorrect Finding—Burden on Appellant to Show Absence of Any Correct Finding to Support Judgment.

5. A judgment in an equity case, otherwise proper, will not be set aside because of an erroneous finding, the burden resting on appellant to show that it was not supported by any correct finding to justify reversal.

*Appeals from Valley County; H. C. Hall, Judge.*

ACTION by the First National Bank of Saco against Frank J. Vagg and others. Judgment for respondent. Defendants appealed from it and an order denying their motion for a new trial. Affirmed.

*Messrs. Dignan & Shea,* for Appellants, submitted a brief; *Mr. James T. Shea* argued the cause orally.

The transfer of a debt ordinarily carries with it all securities therefor, but this is not necessarily so and may be changed by stipulation. (*Cannon* v. *Kreipe,* 14 Kan. 324; *Rolstan* v. *Brockway,* 23 Wis. 407.) In 27 Cyc. 1286, we find the following statement of the general principle: "The debt secured being the principal thing, and the mortgage only incident or accessory to it, a proper assignment of the debt will carry with it the mortgage security, in the absence of any agreement to the contrary, without a formal assignment of the mortgage, and the assignor will have no further interest in the security than to hold it as a trustee for the assignee of the debt." So, if the holder of a note secured by a mortgage assigns the note, without specifically assigning the mortgage, it has uniformly been held that the mortgage passes to the assignee of the note as an incident to the assignment of the note. It has been said that, where the assignment of a note is without recourse, the security will not pass as an incident thereto. (4 Cyc. 73.)

The assignment "without recourse" of a claim does not carry a lien given to secure the same. (*Johnson* v. *Nunnerly,* 30 Ark. 153.) The issue as to the ownership of the mortgage pleaded in plaintiff's complaint, being raised in the

court below, it was incumbent upon that court to ascertain the intention of the parties to the transfer. (So, also, 4 Cyc. 73.) It therefore follows that the various offers of proof relative to the ownership of the mortgage by reason of the assignment to Holcomb based upon the valuable consideration of Holcomb's indorsement as surety were properly admissible under the pleadings in a court of equity as a part of the *res gestae.*

The effect of the transfer of the note to respondent bank and the assignment of the mortgage to the indorser of the note, as surety, was to give Holcomb, the indorser, a mortgage to secure such indorsement. Such a mortgage is not invalid, as given to secure a debt not in existence, where the indorsement is made the following day as a part of the same transaction. (*Stavers* v. *Philbrick*, 68 N. H. 379, 36 Atl. 16.)

*Messrs. Slattery, Kline & Hurly,* for Respondent, submitted an original and a supplemental brief; *Mr. John M. Kline* argued the cause orally.

Appellants argue that, as the indorsement was without recourse, the assignment in this case did not carry with it the mortgage. The statute is not limited to any particular kind of assignment; it says "assignment." (Rev. Codes 1907, sec. 5746.) "In this state, the mortgage is but an incident, and passes to the assignee of the note." (*Hull* v. *Diehl*, 21 Mont. 71, 52 Pac. 782; *Wilson* v. *Pickering*, 28 Mont. 435, 72 Pac. 821; *Dodge* v. *Birkenfeld*, 20 Mont. 115, 49 Pac. 590.)

Appellants contend that the mortgage itself was assigned to R. P. Holcomb. They say it was so assigned at the instance of respondent. All Mr. Holcomb ever had, if anything, was an assignment of the mortgage, without any assignment of or interest in the debt. (Jones on Mortgages, 7th ed., sec. 805; *Tobin* v. *Tobin*, 139 Wis. 494, 121 N. W. 144; *Luetchford* v. *Lord*, 132 N. Y. 465, 30 N. E. 859; *Nagle* v. *Macy*, 9 Cal. 426; *Sanford* v. *Kane*, 133 Ill. 199, 23 Am. St. Rep. 602, 8 L. R. A. 724, 24 N. E. 414; *Carpenter* v. *Longan*, 16 Wall.

(U. S.) 271, 21 L. Ed. 313 [see, also, Rose's U. S. Notes] ; 27 Cyc. 1286.)

MR. COMMISSIONER FORD prepared the opinion for the court.

This is an action to foreclose a mortgage. The plaintiff in his complaint alleges that a note for seven hundred dollars ($700) and interest was made, executed and delivered by the defendants Vagg to the Saco Mercantile Company on October 16, 1916, indorsed by one R. P. Holcomb, and on October 28, 1916, sold, assigned, transferred and delivered by the Mercantile Company to plaintiff, who ever since has been and is now the owner thereof; that the note has not been paid; that it is secured by a real estate mortgage, exe‐ cuted and delivered by the Vaggs to the Mercantile Com‐ pany on the twenty-eighth day of October, 1916; that plain‐ tiff is the owner of said mortgage. The defendant, Federal Land Bank, is joined as the claimant of some interest in, or lien upon, the mortgaged premises alleged to be subsequent to plaintiff's mortgage. Foreclosure of the mortgage is asked, as well as judgment on the note.

Defendants filed separate amended answers, each admitting the making, execution and delivery of the note and mortgage; that the mortgage is security for the note, the indorsement of the note by Holcomb, and that the Federal Land Bank claims an interest in the mortgaged premises; denying that this interest is inferior to plaintiff's mortgage, and each denying the assignment of the note to plaintiff; that the mortgage is owned by plaintiff, and that the note has not been paid. Each defendant pleads affirmatively payment of the note; and the defendant Federal Land Bank sets forth a note in the sum of $2,250, given to it by the defendants Vagg on the fourth day of September, 1917, secured by a mortgage of same date, upon the premises covered by the plaintiff's mortgage. The prayer of each answer is that the defendants be dismissed with their costs.

The plaintiff in its reply denies the payment of the note; admits the bank's note and mortgage, but alleges that it was taken with knowledge of plaintiff's prior mortgage, and subject thereto; and that the defendant bank had agreed to pay plaintiff's mortgage. Findings of fact and conclusions of law were made and filed by the trial court in favor of the plaintiff and judgment entered thereon, from which judgment and order denying defendant's motion for a new trial these appeals are prosecuted.

Counsel for defendants, in their brief, assert that there are but three questions involved in this appeal: (1) Was the note mentioned in plaintiff's complaint paid? (2) Under the evidence submitted, and according to the facts apparent from the various offers of proof, was the plaintiff the owner of the mortgage? Or (3) Was R. P. Holcomb the owner of the mortgage and as such did he have the right to release it at any time he saw fit to do so?

The undisputed evidence in this case shows that the note for which the mortgage in question was given as security was indorsed, without recourse, to the plaintiff in this case, by the Saco Mercantile Company, on the twenty-eighth day of October, 1916, for the sum of $700, and that the plaintiff has owned and held the note ever since; that Holcomb never did own said note or claim to own the same.

The defendant sought to prove in effect that at the same time the note was assigned to plaintiff, at plaintiff's request, an assignment of the mortgage was drawn up to the indorser Holcomb, and delivered to the plaintiff by the Mercantile Company; that an officer of plaintiff told Holcomb plaintiff did not want the mortgage, and that Holcomb has satisfied the mortgage, which offer of proof was rejected and the evidence excluded by the trial court; and such ruling is assigned as error by the defendants.

The court found, among other facts, that the plaintiff is the owner and holder of said mortgage, and we think said finding is amply supported by the evidence in this case.

The assignment of a debt secured by mortgage carries with it the security.  (Sec. 8261, Rev. Codes 1921.)

A mortgage is a conveyance within the meaning of the [1-3] record laws of this state, though it is a conveyance of a chattel interest only. Title to it passes to an assignee by assignment of the debt or obligation secured by it; for the mortgage is but an incident—a security—and, independent of the debt, has no assignable quality. Such assignment is a mere nullity. Where there is no written evidence of the debt or obligation, the mortgage is evidence both of the debt and security for its payment. Nevertheless the debt is the principal thing, and the title to the mortgage must follow an assignment of it. (*Cornish* v. *Woolverton,* 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 4.)   The mortgage being a mere incident of the debt, cannot be assigned separately from it, so as to give any beneficial interest. The incident may pass by a grant of the principal, but not the principal by a grant of the incident. (Jones on Mortgages, 7th ed., sec. 805, p. 274.)   A mortgage, as distinct from the debt it secures, is not a thing of value nor a fit subject of transfer; hence an assignment of the mortgage alone without the debt is nugatory, and confers no rights whatever upon the assignee. (27 Cyc. 1286; *Nagle* v. *Macy,* 9 Cal. 426.)   The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while the assignment of the latter alone is a nullity. (*Jackson* v. *Blodget,* 5 Cow. (N. Y.) 202, *Jackson* v. *Willard,* 4 Johns (N. Y.) 41, 43.)   The mortgage can have no separate existence. When the note is paid, the mortgage expires. It cannot survive for a moment the debt which the note represents. (*Carpenter* v. *Longan,* 16 Wall. (U. S.) 271, 21 L. Ed. 313 [see, also, Rose's U. S. Notes].)

It follows, therefore, that when the Saco Mercantile Company transferred the note for which the mortgage in question was security to the plaintiff herein, it thereby became

the owner of the mortgage and any assignment thereafter
of the mortgage to Holcomb was a mere nullity; the evi-
dence of such assignment of the mortgage and of any agree-
ment in relation thereto and of the satisfaction thereof by
Holcomb, offered by the defendants, for the purpose of
proving or disproving ownership of the mortgage, was wholly
immaterial and properly excluded by the trial court.

Some of the evidence offered by the defendants, and ex-
cluded by the court tended to prove waiver and estoppel,
but neither was plead in the answers, nor was either re-
lied upon by counsel in the trial of this case nor is either
urged in this court.

The court also found "that said note has not been paid,
nor has any part thereof, nor any interest thereon." The
defendant Frank J. Vagg testified that he paid the $700 note
on the sixteenth day of September, 1917, together with all
accrued interest thereon, to one Skjerseth, who was then the
vice-president of the plaintiff bank; that he secured no re-
ceipt therefor, and did not receive the note, for the reason
that Skjerseth informed him that it was in another bank.
R. P. Holcomb, a witness on behalf of the defendant, testi-
fied that on the seventeenth day of September, 1917, Skjer-
seth stated to him "that Vagg was in yesterday and paid
that Mercantile note that he owed." It is undisputed in the
evidence that the plaintiff bank had the note in its posses-
sion at the date of the trial, and there were no indorsements
of payment thereon. Witness Sutherlin, who succeeded
Skjerseth, testified that the note had not been paid. Said
witness also testified that in the month of February, 1918,
in a conversation with Vagg, he (Vagg) said: "I want you
fellows to get your money"; and on the twenty-first day of
November, 1917, Vagg told witness to write to the Federal
Land Bank and advise them what it would take to pay off
their mortgage. To the same effect is the testimony of wit-
ness Kahle, cashier of the plaintiff bank at that time, and
Taylor, the president of the Mercantile Company at the time

the note was made.  Witness Sutherlin testified that some time in the month of February, 1918, the defendant Frank J. Vagg admitted to him that he owed the bank the money, and defendant Frank J. Vagg in his application to the Federal Land Bank for a loan, made on the eighth day of May, 1917, sets forth this indebtedness due the bank.  From the foregoing we cannot say that the evidence preponderates against such finding.

The defendants also assign as error the refusal of the [4] trial court to permit them to introduce surrebuttal testimony.  An examination of the record discloses that there was no new matter injected by the plaintiff in rebuttal, and the defendants did not ask leave to offer evidence in their original case; furthermore, the defendants made no offer of proof and there is no way for this court to determine whether the testimony, if competent, would or would not have been material.  We do not think the trial court abused its discretion in refusing to permit such testimony.  (26 R. C. L. 1047, sec. 47; sec. 9349, Rev. Codes 1921.)

The defendants complain of two other findings made by the trial court, findings Nos. 16 and 17.  In finding No. 16 the court found in part that "while in the second amended answer, the defendant The Federal Land Bank of Spokane, claims that it has a mortgage on the said premises to secure the payment of the said $2,250 and while there is some mention of the mortgage in the testimony, there is no evidence that a mortgage was actually given or is held by the defendant the Federal Land Bank of Spokane.  It does not claim any other interest."  The fact that the defendant Federal Land Bank held such mortgage is admitted by the plaintiff in its reply.  In finding No. 17 the court found that "at the time the Federal Land Bank loaned said money to the Vaggs, it had actual knowledge of the fact that the plaintiff was the owner of the note and mortgage to the Saco Mercantile Co." [5] Both of said findings we deem immaterial under the pleadings in this case, and while finding No. 16 may be erro-

neous, ''it cannot be contended that because of an erroneous finding, a judgment otherwise proper and fully sustained by correct findings, must be set aside.  Appellants must bear the burden of showing that there is not any correct finding which will sustain the judgment.''   (*In re Williams Estate,* 52 Mont. 192, 204, Ann. Cas. 1917E, 126, 156 Pac. 1087.)

We recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*

Rehearing denied December 19, 1922.