## MULHENS & KROPFF, Inc., v. FERD. MUELHENS, Inc.

Circuit Court of Appeals, Second Circuit. March 16, 1931.

Katz & Sommerich, of New York City, for the motion.

Manvel Whittemore, Lucius E. Varney, and Harold Harper, all of New York City, opposed.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The mandate of this court issued during the present term. No action has yet been taken under it because a dispute has arisen between the parties concerning the decree to be entered, and the District Court is in doubt as to what the mandate, in the light of our opinion, directs. Under these circumstances the present motion is an appropriate procedure. We may either recall and amend the mandate, as was done in Sutherland v. Norris, 33 F.(2d) 899 (C. C. A. 3), or we may deny the motion with an expression of our views for the guidance of the District Court, as we did in Claude Neon Lights v. E. Machlett & Son, 31 F.(2d) 991. In the present case we adopt the latter course, as we think the mandate is adequate without amendment.

The dispute is whether an injunction shall be denied only as to eau de cologne, the one article advertised as made under a secret recipe, or whether denial of the injunction shall extend to all articles in fact made under secret recipes, even though no express representations to that effect had been made to the public. The latter is the view we intended to express in our opinion. Ambiguity has arisen because our opinion stressed the plaintiff's concession that long-continued representations with respect to the formula of 4711 cologne had impressed upon the mark the secondary meaning of manufacture under a secret recipe. But the basis of our decision was intended to be expressed in the subsequent statement that assignment of the recipe is essential to give the assignee the exclusive right to a mark which denotes a product manufactured thereunder. Where a business has been built up on the sale of a product made according to a secret formula, the trade-mark denotes a product so made. None of the cases upon which we relied as showing that an assignee could not be protected in such a mark unless he had the secret formula indicates that the rule is applicable only when express representations had been made with respect to the use of the formula.

The decree appealed from found that plaintiff's predecessor, the firm of Mulhens & Kropff, had applied the trade-mark to three articles "manufactured according to recipes owned solely by the House of Muelhens." There was no finding whether other articles involved in the litigation were made under secret recipes or not. In proceeding under the mandate, the court should determine which of the articles in litigation were so manufactured, irrespective of whether they were advertised as containing secret essences, and the injunction should be denied as to such articles as contain essences manufactured in accordance with secret recipes owned solely by the House of Muelhens, and should be granted as to the others. Apparently there may arise a controversy whether the skillful selection of known ingredients will constitute manufacture of an essence under a secret recipe. That question, should it arise, will be for the District Court to determine, and is not now before us.

Motion denied.