Favour, Baker & Crawford, all of Prescott, Ariz., for appellants.

Alexander B. Baker, Louis B. Whitney, and Lawrence L. Howe, all of Phoenix, Ariz., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order which, in a receivership proceeding, rejected the claim of a judgment creditor on the ground that the judgment on which the claim was founded had been satisfied.

The judgment was obtained by Margaret Cobb against Intermountain Building & Loan Association (hereafter called Intermountain) in an action by Cobb against Intermountain in the Superior Court of Yavapai County, Arizona. In that action Cobb obtained a writ of attachment. Thereupon the sheriff of Yavapai County made a return which purported to show that the writ had been levied on a real estate mortgage theretofore given by Thomas Short and wife to Intermountain. The judgment ordered that the attachment lien purportedly resulting from the levy of the writ on the mortgage be foreclosed. Accordingly a special execution was issued. Thereupon the sheriff made a return which purported to show that the mortgage had been sold by him to R. O. Barrett for an amount equal to that of the judgment, and that the judgment had thus been satisfied.

Meanwhile, prior to the purported sale of the mortgage, the District Court of the United States for the District of Arizona had appointed a receiver of Intermountain's property.[1] Following the purported sale of the mortgage, Cobb assigned the judg-

## FAVOUR et al. v. HILL.
No. 9847.

Circuit Court of Appeals, Ninth Circuit.
Oct. 23, 1941.

[1] Intermountain Building & Loan Ass'n v. Gallegos, 9 Cir., 78 F.2d 972, 979; Brashear v. Intermountain Building & Loan Ass'n, 9 Cir., 109 F.2d 857, 859; Gallegos v. Smith, 9 Cir., 111 F.2d 805, 808.

ment to Barrett and Barrett assigned it to appellants. Thereafter the mortgagors brought an interpleader action in the Superior Court against Barrett, appellants and the receiver, praying that they be required to interplead and litigate their respective claims among themselves. This was done. The Superior Court decided that appellants were the owners of the mortgage. The receiver appealed. The Supreme Court of Arizona [2] reversed the Superior Court's decision and held that the purported attachment and purported sale of the mortgage were nullities. However, the Supreme Court further held: "There is no question but that the judgment for debt in the Cobb case is unimpeachable by collateral attack."

Following the Supreme Court's decision, the Superior Court, on petition of appellants, entered an order amending the Cobb judgment [3] to conform to that decision. Thereafter, in the receivership proceeding, appellants filed their claim for the amount of the judgment—$1,000, with interest and costs. The District Court referred the claim to a special master. The master submitted a report the substance of which was that the judgment had been satisfied and that, therefore, the claim should be rejected. Appellants excepted to the report. The District Court overruled the exceptions and entered an order approving the report, thus, in effect, rejecting the claim. This appeal followed.

We think that, in holding the Cobb judgment satisfied, the District Court erred. Such satisfaction could not and did not result from the purported sale of the mortgage, for that was a nullity. Apart from that, there was no attempt to satisfy the judgment nor any basis for holding it satisfied.

It is immaterial, if true, that Barrett paid the sheriff and the sheriff paid Cobb the amount bid by Barrett for the mortgage. If Barrett made any such payment, he did so through mistake, got nothing for his money and hence was entitled to have it refunded. Such a payment could not and did not satisfy the judgment.

Nor is it material that Cobb's attorneys signed a receipt acknowledging—contrary to the fact—that the judgment was satisfied. The receiver was not a party to that receipt, did not rely on it and was not misled by it, but was at all times well aware

that the judgment was in fact wholly unsatisfied.

Order reversed and case remanded with directions to allow appellants' claim.

---

[2] Hill v. Favour, 52 Ariz. 561, 84 P.2d 575, 580.

[3] Revised Code of Arizona, 1928, § 3854.