## FAVOUR et al. v. HILL.
### No. 9847.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1943.

For former opinion, see 123 F.2d 77.

Favour, Baker & Crawford, A. G. Baker, A. M. Crawford, and A. L. Favour, all of Prescott, Ariz., for appellants.

Alexander B. Baker, Louis B. Whitney, and Lawrence L. Howe, all of Phoenix, Ariz., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Petitioners seek to have us make what they call a "directive" to the district court or "other order" requiring obedience to our mandate to that court. Favour v. Hill, 123 F.2d 77. Our mandate ordered the allowance of petitioners' claim in a receivership proceeding, the claim being for "$1,000.00, with interest at 6% from January 1, 1934, until paid, together with $38.61 costs."

Petitioners' petition sets forth an order of the district court denying a petition to that court to have the claim, which clearly included interest from January 1, 1934, allowed as including such interest. No reason is given in the order complained of for not following the requirement of the mandate. Respondent's objections do not deny the allegations concerning the action by the district court.

Petitioners' petition here shows no more than such denial by the district court of their petition there. It does not show what order, if any, was entered pursuant to the mandate. When entered it is a final judgment from which petitioners have the right to appeal if the mandate is not followed, or to seek our writ of mandamus in aid of our appellate jurisdiction, exercised in our decision and mandate to the court. Cf. Baltimore & O. R. Co. v. United States, 279 U.S. 781, 785, 49 S.Ct. 492, 73 L. Ed. 954.

So far as concerns mandamus, the appeal was decided, and the mandate was issued November 17, 1941. Assuming, but not deciding, that, after the expiration of the 1941 term, in aid of our appellate jurisdiction exercised in the decision and mandate, we have the power to issue the writ of mandamus to require obedience of the mandate, we decline to consider its issuance, believing the expression of our views sufficient for the guidance of the district court. Cf. Mulhens & Kropff, Inc., v. Ferd Muelhens, Inc., 2 Cir., 48 F.2d 206, 207.

The petition is denied.