CARROLL, Judge.
This appeal from a final decree of foreclosure was taken by the defendant mortgagor. The sole question presented is the propriety of including in the decree and foreclosure sale three certain collateral notes and the mortgages securing them.[1]
The material facts were that the appellee held notes of appellant for $138,806.24 secured by a real estate mortgage [2] and further secured by collateral consisting of two notes aggregating $11,000 and mortgages which secured them. Repayment was to be made by installments of $7,500, four such installments the first year and three in each *123 succeeding year. A default occurred on August 1, 1960. On October 10, 1960, the parties entered into an agreement aimed at restoring the mortgage to good standing. Incident thereto releases were given covering two lots, without further payment at that time.[3] As a part of that agreement of October 10 the three additional notes and mortgages securing them were placed in escrow to be used as collateral to secure payment of a new note which was to be made to cover the amount needed to cure the default and place the mortgage in good standing.[4] The amount needed to reinstate the mortgage was to be determined, and a new note to cover that amount, payable in 6 months and at increased interest, was to be signed within 10 days. Those things were not done; the amount was not determined by the parties; and the new note which the three mortgages in question were to secure did not come into existence. The agreement of October 10, 1960, makes clear that those notes and second mortgages were not intended to serve as collateral to secure the principal indebtedness. Later, when the default was not cured as contemplated in the October 10, 1960 agreement, and the unpaid balance was accelerated and the mortgage foreclosed, the property which was ordered to be sold to satisfy the decree was the real estate encumbered by the original mortgage (less the parcels released), the two collateral notes aggregating $11,000 and the mortgages securing them which had been pledged at the outset to secure the entire debt, and also the notes and three second mortgages securing them which had been referred to in the agreement of October 10, 1960.
In foreclosing, the mortgagee contended the two partial releases given after August 1, 1960, were not paid for,[5] and that the property covered by those last two releases should be restored to the lien of the mortgage, or, if not, then the three second mortgages in question should be included in the decree and sold thereunder. The decree did not set aside those two partial releases and the mortgagee did not cross-assign that as error.
It was error to treat the three notes and mortgages in question as collateral for the main debt. They were intended to secure only a new obligation to be created to satisfy an existing default. Where collateral is pledged for the security of a particular obligation, the pledgee has no lien on the collateral pledged for any other obligation owed to him by the pledgor. See St. Lucie County Bank & Trust Co. v. Aylin, 94 Fla. 528, 114 So. 438; Annot. 68 A.L.R. 912 (1930); 41 Am.Jur., Pledge & Collateral Security, §§ 38, 39.
Here the limited obligation which these notes and mortgages were intended to secure, did not come into being. Creation and existence of the debt or obligation which collateral is intended to secure is essential to its effectiveness. 25 Fla.Jur., Pledge and Collateral Security, § 6.
*124 Accordingly the cause is remanded to the circuit court with directions to modify the final decree to eliminate therefrom the three notes and mortgages in question by striking from the decree subparagraphs (c) and (d) of paragraph No. 7 and the first twelve lines of sub-paragraph (e) of paragraph. No. 7, and by striking the last sentence of paragraph No. 9 of the decree, in the last seven lines of said paragraph, beginning with the words “and upon said sale” and ending with the words “said successful bidder.” As so modified the decree will stand affirmed.
Affirmed in part, reversed in part and modified.

. These were second mortgages, known as the Wilmax TV, Parker and Rathburn mortgages, and they aggregated $16,084.-37.

. The mortgage provided for partial releases at $3,750 per unit. Six such releases were given before August 1, 1960.

. Appellant claimed it had paid $34,000, enough for eight such partial releases. Appellee conceded defendant had paid $38,135.10, but contended approximately $9,000 of that amount should not be counted as payment for which partial releases could issue, for one reason or another.

. The understanding of October 10, 1960, included the following provisions:
“The parties do hereby agree that Progressive Builders, Inc., will execute in favor of Florida Wide Developers a collateral promissory note representing the balance of the sums necessary to place said purchase money mortgage into current position, and that said promissory note will bear interest at the rate of eight per cent (8%) per annum and shall be due and payable six (6) months from date of execution. The collateral for said note will be the three second mortgages above referred to, * * *
*****
“The parties agree that all instruments necessary to accomplish the transaction herein set forth will be drawn and executed within ten (10) days from the date hereof.” [Italics supplied.]

. See note 3.