313 So.2d 77 (1975)
Theodore SOBEL, As Trustee, Appellant,
v.
MUTUAL DEVELOPMENT, INC., a Florida Corporation, et al., Appellees.
No. Y-26.
District Court of Appeal of Florida, First District.
June 3, 1975.
*78 Jonathan F. Wershow of Wershow, Burwell, Carroll & Wershow, Gainesville, and Herbert C. Zemel of Sparber, Zemel, Roskin, Heilbronner & Karp, Miami, for appellant.
Henry L. Gray, Jr., of Chanler, O'Neal, Avera, Gray, Lang & Stripling, James S. Quincey of Clayton, Duncan, Johnston, Clayton, Quincey, Ireland & Felder William B. Watson, III, of Watson, Watson & Steadham, Gainesville, Brooks P. Hoyt of MacFarlane, Ferguson, Allison & Kelly, Tampa, and P. Ause Brown, Gainesville, for appellees.
BOYER, Acting Chief Judge.
A detailed recitation of the facts surrounding the intricate and complicated mobile home park financing and operation transactions which form the basis of the suit giving rise to this interlocutory appeal would serve no purpose except to lengthen this opinion. By the order here appealed the learned trial judge granted a defense motion to strike portions of a third amended complaint. Although several points have been raised by the parties in their briefs; the issue, the resolution of which is dispositive of this appeal, is whether the pledge[1] of a mortgage without reference to the note or obligation secured vests any right in the pledgee. The law seems to be well settled that it does not.[2] A mortgage is a mere incident of, and ancillary to, the note or other obligation secured thereby, and an assignment of the pledge of the mortgage without an assignment of the pledge of the note or obligation secured thereby creates no right in the assignee or pledgee.[3]
The instrument by which the pledge sub judice was granted is a "wrap around" mortgage executed by appellant Sobel in favor of appellee Mutual Development, Inc. which mortgage secured two promissory notes from Sobel to Mutual, the pertinent portion of which mortgage provides as follows:
"If at any time there occurs a default by the mortgagee (Mutual) with respect to this mortgage or any of the other agreements incorporated herein, the mortgagor (Sobel) maintains the express right to set-off against any monies payable hereunder by it. It is agreed by and between the parties hereto that this mortgage is expressly pledged to satisfy any such obligations if and whenever such a default occurs." (Emphasis added)
It is readily apparent from the above quoted provision of the mortgage that no reference is made to the notes secured by the mortgage, the mortgage being *79 the instrument which is "expressly pledged". The parties agree that neither the pledged mortgage nor the notes secured thereby were ever physically transferred to the pledgee nor was there any other written assignment or pledge thereof.
Appellant urges that the trial judge should have looked to the entire transaction to determine the true intent of the parties and that upon his failure so to do we should now do so; it being the contention of appellant that the "wrap around" mortgage is but a minute fragment of the entire complicated transaction and that all of the instruments involved in the transaction should be examined and considered as an integral part of the mortgage which contains the recitation providing for an express pledge of that mortgage.
We do indeed find that there were numerous other documents which apparently were executed incident to the transaction in which the above mentioned mortgage was executed. In fact, immediately preceeding that portion of the mortgage which is hereinabove quoted, and as part of the same paragraph, we find the following recitation:
"Contemporaneously with the execution of the mortgage the parties hereto have entered into various other agreements pertaining to the acquisition, development, and operation of the encumbered premise as a mobile home park. Such agreements designated as the Sale and Purchase Agreement, Lease Agreement, Management Agreement and Supervision Agreement, provide for certain rights on the part of the Mortgagor with respect to payments thereunder, and for that purpose such agreements are incorporated herein by reference thereto."
However, appellant has not cited to us any portion of such other instruments which recite or necessarily imply a pledge of the notes secured by the pledged mortgage, nor has our examination thereof revealed any.
Appellant urges that the parties intended that the expressed pledge of the mortgage included the notes secured thereby. If such be the case appellant's remedy is in an action for reformation, but the trial court in the action giving rise to this appeal was without authority, in the absence of appropriate pleadings, to make such reformation and we are equally bound by the pleadings before us.
Having determined that the pledge of the mortgage without reference to the notes secured thereby vested no right of the pledgee and it further appearing that the notes have never been physically delivered into the possession of the pledgee of the mortgage (since the date of that pledge) we do not find it necessary to determine whether a pledge recited in a mortgage signed only by the pledgee (mortgagor) is sufficient, in the absence of delivery of possession, to create a valid and legal pledge.[4]
It logically follows from that which we have above stated that the learned trial judge was eminently correct under the status of the pleadings before him when he struck that portion of the complaint by which the plaintiff sought a judicial sale of the "wrap around" mortgage and the notes secured thereby. This interlocutory appeal is therefore dismissed.
It is so ordered.
JOHNSON and MILLS, JJ., concur.
NOTES
[1] Guaranty Mortgage and Insurance Co. v. Harris, Fla.App.1st 1966, 182 So.2d 450.
[2] Vance v. Fields, Fla.App.1st 1965, 172 So.2d 613 and the authorities therein cited.
[3] Vance v. Fields, supra.
[4] Please see F.S. 679.203 and 25 Fla.Jur., Pledge and Collateral Security, Section 8.