PER CURIAM.
Defendant, the Willark House, S.A., appeals from a final judgment after non-jury trial foreclosing a defaulted mortgage and notes evidencing the debt. The court ordered a judicial sale of defendant’s property to satisfy the debt to the plaintiff, Eve-lio Espinosa. Espinosa cross-appeals on the amount of the debt.
A detailed recitation of the complicated facts surrounding the transaction forming the basis of the mortgage foreclosure action giving rise to this appeal would serve no purpose except to lengthen the opinion. The essence of the defendant’s argument on appeal is that Espinosa, the plaintiff, was not the owner and holder of the notes in question. The defendant claims that its attorney held the notes in escrow pursuant to an oral agreement and, therefore, the trial court erred in entering judgment of foreclosure in favor of Espinosa based on the notes. In support of its position, the defendant sets forth the rule of law that “a mortgage is a mere incident of, and ancillary to, the note or other obligation secured thereby.”[1]
We recognize and fully agree with this statement of the law, but find it to be inapplicable to the facts presented in this case. It appears from the evidence adduced at trial that the alleged escrow agreement was not proven. In its final judgment, the trial court found Espinosa, the plaintiff, to be the owner and holder of the notes. We find nothing in the record to warrant a reversal of this finding.
There is no question, and the defendant admits that the indebtedness is due and owing. The defendant contends, however, that since other individuals and an *515 other corporate entity (not parties to the litigation) claim to or do have an interest in the proceeds of the notes, it refuses to pay unless Espinosa provides releases from those parties. In upholding the trial court’s finding that Espinosa is the owner and holder of the notes, we find that the defendant, Willark House, S.A., must make the payments to Espinosa. The matter of the other corporation and persons allegedly interested in the proceeds of the notes should be determined by and between Espinosa and those parties.
Espinosa’s cross appeal is without merit. The evidence in the record does not support his claim to an additional $5,000.
Affirmed.

. Sobel v. Mutual Development, Inc., Fla.App.1975, 313 So.2d 77, 78.