WELLFORD, Circuit Judge.
 

 Defendant trustee appeals the district court’s determination that plaintiff bank had a perfected security interest in certain promissory notes and the deeds of trust that secured those notes. 31 B.R. 597. We AFFIRM in part and REVERSE in part. Peoples Bank of Polk County, the plaintiff, is a bank organized under the laws of Tennessee. Prior to a name change, Peoples Bank of Polk County was known as Southern United Bank of Polk County. Mary-ville Savings and Loan Corporation, the debtor, is a corporation organized under the laws of Tennessee. Defendant McDonald is the trustee in bankruptcy of the debtor.
 

 Debtor, through its duly authorized officers, executed a “Promissory Note, Security Agreement and Disclosure Statement” on June 10, 1981. The document provided for the payment, upon demand, by debtor to plaintiff of the principal sum of $75,000, together with interest from the date of execution until the date of payment at the rate of 18% per annum. As collateral for the loan, debtor assigned to plaintiff all rights in certain promissory notes and deeds of trust encumbering real property located in Blount County, Tennessee. This assignment was accomplished by debtor’s execution of a “General Assignment of Promissory Note and Trust Deeds.” This assignment was duly recorded with the Register of Deeds of Blount County, Tennessee, on June. 15, 1981, the usual manner for recordation in Tennessee of interests in real estate.
 

 After the initial borrowing, debtor made certain payments on the principal amount and interest due under the note, bringing the balance due down to approximately $55,000. During January of 1982, debtor secured the advance of an additional $20,-000 from plaintiff without the execution of another promissory note, and executed another “General Assignment of Promissory Notes and Trust Deeds,” assigning all of its rights in additional notes and deeds of trust on real property to plaintiff. This document was also recorded with the Register of Deeds of Blount County, Tennessee, on January 28, 1982.
 

 Typically, the deeds of trust provided that, among other things, “this conveyance shall secure the above described debt (the loan evidenced by a promissory note), and the interest thereon, or renewals ... thereof.” The “deed of trust notes” recited that payment was due at the Maryville Savings and Loan Corporation. Each “Promissory Note, Security Agreement and Disclosure Statement” granted plaintiff a “security
 
 *415
 
 interest” in the underlying property or collateral, including “real or personal property,” and the agreements were to be “interpreted according to the laws of the State of Tennessee, except where pre-empted by Federal law.” The general assignments were “to establish a line of credit for Mary-ville Savings & Loan Corporation.”
 

 On March 18, 1982, debtor filed a Chapter 11 bankruptcy petition owing $75,000 plus interest on the note from plaintiff. Plaintiff initiated an adversary proceeding seeking a ruling that its security interest in the promissory notes and deeds of trust was perfected and that it therefore should recover the notes and the deeds of trust despite debtor’s filing in bankruptcy. Defendant asserted that plaintiffs failure to take actual possession of the notes and deeds of trust prevented perfection of plaintiff’s security interest under Uniform Commercial Code § 9-304(1), Tenn.Code Ann. § 47-9-304(1). Plaintiff argued that the transaction here was not covered by article nine of the U.C.C. because it involved a real estate transaction; as support, plaintiff cited U.C.C. § 9-104, Tenn. Code Ann. § 47-9-104, which provides:
 

 Transactions excluded from chapter.
 
 —This chapter does not apply:
 

 (j) except to the extent that provision is made for fixtures in § 47-9-313, to the creation or transfer of an interest in or a lien on real estate ....
 

 Defendant, on the other hand, relies upon U.C.C. § 9-102, Tenn.Code Ann. § 47-9-102, which provides:
 

 (1) Except as otherwise provided in § 47-9-103 on multiple state transactions and in § 47-9-104 on excluded transactions, this chapter applies so far as concerns any personal property and fixtures within the jurisdiction of this state:
 

 (a) to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper, accounts or contract rights; and
 

 (b) to any sale of accounts, contract rights or chattel paper.
 

 (3) The application of this chapter to a security interest in a secured obligation is not affected by the fact that the obligation is itself secured by a transaction or interest to which this chapter does not apply.
 

 The bankruptcy court, 27 B.R. 701, held that plaintiff failed to perfect its security interest in the notes and deeds of trust, but the district court reversed, holding that the recordation accomplished, although not in compliance with the U.C.C. as applicable in Tennessee, was sufficient.
 

 In keeping with the parties’ approach to this case, both the bankruptcy court and the district court assumed that article nine perfection requirements applied either to the entirety of this transaction or not at all — that is, it applied either to both the notes and the deeds or to neither. We conclude that this approach fails to give meaningful scope, depending on the result reached, either to § 9-102 or to § 9-104(j). Comment four to Tenn.Code Ann. § 47-9-102 illustrates the necessity in cases such as this to analyze the security interest created in the promissory note separately from the interest created in the deed of trust. That illustration reads,
 

 The owner of Blackacre borrows $10,-000 from his neighbor, and secures his note by a mortgage of Blackacre. This Article [Chapter] is not applicable to the creation of the real estate mortgage. However, when the mortgagee in turn pledges this note and mortgage to secure his own obligation to X, this Article [Chapter] is applicable to the security interest thus created in the note and the mortgage.
 
 Whether the transfer of the collateral for the note, i.e., the mortgagee’s interest in Blackacre requires further action (such as recording an assignment of the mortgagee’s interest) is left to real estate law. See Section 9-m(j).
 

 Tenn.Code Ann. § 47-9-102 comment 4 (emphasis added). We are persuaded that
 
 *416
 
 §§ 9-102(3) and 9-104® may be reconciled by holding in this case that article nine be applied in regard to the promissory notes but
 
 not
 
 in regard to the deeds of trust.
 

 This conclusion is bolstered by the Third Circuit’s careful opinion in
 
 In re Bristol Assoc., Inc.,
 
 505 F.2d 1056 (3d Cir.1974). In
 
 Bristol,
 
 a case involving Pennsylvania law, the court noted that amendments to the comments to U.C.C. § 9-102
 
 [1]
 
 made clear the drafters’ intention that “only that portion of the package unrelated to the real property” be governed by article nine when “a promissory note and mortgage together become the subject of a security interest.” 505 F.2d at 1061.
 
 See also First Nat’l Bank of Boston v. Larson (In re Kennedy Mortgage Co.),
 
 17 B.R. 957, 963-65 (Bankr.D.N.J.1982).
 
 [2]
 
 The Tennessee case law cited by plaintiff does not direct a contrary result. Neither
 
 Commerce Union Bank v. May,
 
 503 S.W.2d 112 (Tenn.1973), nor
 
 Union Livestock Yards, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 552 S.W.2d 392 (Tenn.Ct.App.1976),
 
 cert. denied,
 
 (Tenn. May 31, 1977), discusses the reach of § 9-102(3). Indeed, neither case clearly involves a situation in which discussion of § 9-102(3) would be expected — that is, the creation of a security interest in an obligation itself secured by a transaction or interest to which article nine does not apply-
 

 The Tennessee Supreme Court in
 
 May,
 
 however, did hold that “the U.C.C. does not supercede the law in this state with respect to
 
 liens upon real estate."
 
 503 S.W.2d at 117 (emphasis added). Some authority
 
 [3]
 
 has discussed whether a note pledged by a real estate mortgage given as security for a loan thereby becomes “realty paper” within the purview of article nine of the U.C.C. Our attention has been called to no Tennessee case, however, that even discusses, much less adopts, this concept. We are not prepared to hold that in Tennessee the character of a note as personalty is transformed into a real estate interest merely because it is secured by a mortgage or deed of trust, or assigned as security together with a mortgage or deed of trust. Although the assignments in question did involve “transfers of interests in real prop-’ erty” because they involved deeds of trust, we cannot agree with the district court that the notes themselves constituted “liens upon real estate” nor adopted the character of real property. Both Tenn.Code Ann. § 47-9-102 and Tenn.Code Ann. § 47-9-104 purport to apply only to personal property and fixtures or to security interests in personal property.
 

 In this case, then, we conclude that article nine applies to the plaintiff’s security interest but only in the promissory notes themselves. Since plaintiff did not take possession of the notes, plaintiff’s security
 
 *417
 
 interest in the notes was not perfected.
 
 See
 
 Tenn.Code Ann. § 47-9-304(1). On the other hand, we conclude that article nine does not apply to plaintiffs security interest in the deeds of trust. While defendant argues in his reply brief that plaintiffs security interest in the deeds of trust was not perfected even if article nine were held not to apply, he admits that he did not raise that issue below; plaintiffs security interest in the deeds of trust is therefore deemed to be a perfected interest. Accordingly, the judgment of the district court is AFFIRMED in part and REVERSED in part.
 

 The case is REMANDED to the court below for further proceedings in accordance with this opinion.
 

 [1]
 

 .Comment 4 to § 9-102 set forth
 
 supra,
 
 was amended by the Commissioners on Uniform State Laws to read as follows:
 

 The owner of Blackacre borrows $10,000 from his neighbor, and secured his note by a mortgage on Blackacre. This Article is not applicable to the creation of the real estate mortgage. Nor is it applicable to a sale of the note by the mortgagee, even though the mortgagee continues to secure the note. However, when the mortgagee pledges the note to secure his own obligation to X, this Article applies to the security interest thus created, which is a security interest in an instrument even though the instrument is secured by a real estate mortgage. This Article leaves to other law the question of the effect on rights under the mortgage of delivery or non-delivery of the mortgage or of recording or non-recording of an assignment of the mortgagee’s interest. See Section 9-104(j).
 

 Bristol,
 
 505 F.2d at 1058-59;
 
 see id.
 
 at 1060-61.
 

 [2]
 

 . In arguing that article nine governs the security interest in both the notes and the deeds of trust, defendant relies on three cases construing California law,
 
 Greiner v. Wilke (In re Staff Mortgage & Investment Corp.),
 
 625 F.2d 281 (9th Cir.1980),
 
 Starr v. Bruce Farley Corp.,
 
 612 F.2d 1197 (9th Cir.1980), and
 
 Huffman v. Wikle (In re Staff Mortgage and Investment Corp.),
 
 550 F.2d 1228 (9th Cir.1977). Those cases, however, do not address the effect of § 9-104, an issue clearly raised by plaintiff here.
 

 [3]
 

 . See Krasnowiecki, Miller & Ziff,
 
 The Kennedy Mortgage Co. Bankruptcy Case: New Light Shed On The Position of Mortgage Warehousing Banks,
 
 56 Am.Bankr.L.J. 325 (1982). White & Summers,
 
 Handbook of Law Under the Uniform Commercial Code,
 
 890-91 (2d ed. 1980).