SUPPLEMENTAL OPINION
 

 WELLFORD, Circuit Judge.
 

 Following entry of a decision in this case on September 12, 1984,
 
 see
 
 743 F.2d 413, affirming in part and reversing in part 31 B.R. 597 (D.C.Tenn.), remanding 27 B.R. 701 (Bkrtcy.Tenn.), appellant, bankruptcy trustee for Maryville Savings and Loan Corporation, the debtor, filed a motion for reconsideration and clarification of the opinion, in particular reference to the proper handling of funds paid to the trustee on the promissory notes at issue “from non-foreclosure sources.” In response, appel-lee, Peoples Bank of Polk County, concurred in the motion to the extent that clarification was requested to settle whether the funds collected by the trustee should be paid to Peoples Bank or whether the funds (held in a separate account pending resolution) should be held for the benefit of
 
 all
 
 creditors, including Peoples Bank, because Peoples Bank had not perfected its security interest in the notes under the Uniform Commercial Code (“U.C.C.”) applicable in Tennessee. The parties were directed to file and did submit supplemental briefs on this interesting question remaining in this longstanding controversy.
 

 On the one hand, the trustee argues that language in
 
 W.C. Early Co. v. Williams,
 
 135 Tenn. 249, 254, 186 S.W. 102, 107 (1916), is controlling:
 

 It is a well-settled rule with us that the lien of a mortgage or trust deed passes, without a special assignment thereof, to the indorsee of a note or transferee of the debt secured by the instrument. The policy of the law is to treat the note as the principal thing and the mortgage as incident — the transfer of the note secured as a transfer pro tanto of the incident, the lien of the mortgage.
 

 The trustee asserts, therefore, that the deed of trust lien passed to the transferee of the debt, that the note “is the principal thing” and that “the lien of a mortgage [deed of trust]” remains with the possessor of the notes, in this case the debtor, and henceforth the trustee.
 
 See also
 
 55 Am. Jur.2d
 
 Mortgages
 
 § 1270 (1970);
 
 Sobel v. Mutual Development, Inc.,
 
 313 So.2d 77 (Fla.Dist.Ct.App.1975).
 

 Peoples Bank, however, relies upon the recent decision of the Tennessee Supreme Court in
 
 Hudson v. Town & Country True Value Hardware, Inc.,
 
 666 S.W.2d 51 (Tenn.1984), arguing that the predominant nature of the transaction was real estate related, and that a “predominant factor test” need be applied, as in
 
 DeFilippo v. Ford Motor Co.,
 
 516 F.2d 1313 (3rd Cir.),
 
 cert. denied,
 
 423 U.S. 912, 96 S.Ct. 216, 46 L.Ed.2d 141 (1975), cited in
 
 Hudson.
 
 It argues further that the transfer and subsequent recordation of the deeds of trust effectuated a transfer of title, rather than a mere lien,
 
 see Howell v. Tomlinson,
 
 33 Tenn.App. 1, 228 S.W.2d 112 (1949),
 
 [1]
 
 and
 
 *121
 
 evidences “in the absence of contrary proof, ... an intent to transfer the debt as well.”
 

 We cannot say that the “predominant factor” in this case is real-estate-related as urged by Peoples Bank, because of the existence of the deed of trust; the transaction was similarly concerned with promissory notes, which are usually treated as personalty under the U.C.C.
 
 DeFilippo
 
 was concerned with the bulk sale of a business, and whether the items involved in the sale were predominantly goods or moveables within the meaning of Pennsylvania law. Real estate was apparently not involved. The court held in that case that the U.C.C. applied to the transaction under the “rule of reasonable characterization of the transaction as a whole.” 516 F.2d at 1323.
 
 Hudson
 
 similarly involved the bulk sale of a going business, involving both real estate and stock in trade. The Tennessee Chief Justice in
 
 Hudson
 
 held that since the “predominant assets” to be transferred were “non-goods,” or real estate, the U.C.C. did not apply to the transaction. 666 S.W.2d at 54. We find none of the cases cited by Peoples Bank to be determinative of the question before us. There is no bulk sales issue here involved.
 

 W.C. Early
 
 decided that the holder and possessor of notes, secured by a deed of trust purportedly but wrongfully reflected as having been satisfied and released, would prevail over a bona fide purchaser of the property subject to the indebtedness reflected by the notes. We conclude that it was up to the creditor, Peoples Bank, to protect itself with respect to its interest in the notes, and that its failure in this respect brings about the conclusion that the trustee must prevail with respect to the proceeds of the notes received without respect to foreclosures. To the extent foreclosure of the deeds of trusts, with respect to which Peoples Bank has perfected its interests, brings about a realization of funds, the result might be to the contrary.
 

 We accordingly hold that the appellant trustee is entitled to the proceeds in controversy. Each party will bear its own costs of this appeal.
 

 [1]
 

 .
 
 Tomlinson
 
 held that a deed given by a mortgagee to another operates as "an assignment of the mortgage debt, if no contrary intent be expressed."
 
 Id.
 
 at 10, 228 S.W.2d at 116. We have no deed here involved executed by Mary-ville Savings and Loan, the mortgagee.
 
 Tomlin-son
 
 decides that the mortgagee holds the legal
 
 *121
 
 title to the properties involved subject to the mortgagor's or borrower’s equities, including the right of redemption by payment of the underlying debt secured by the deed of trust or mortgage.