**In re G.O. HARRIS FINANCIAL CORPORATION, Debtor.**

**FOWLER, WHITE, BURNETT, HURLY, BANICK & STRICKFOOT, P.A., Plaintiff,**

v.

**J.R. RICCIARDELLI, Trustee for G.O. Harris Financial Corporation, and Ella Dorcas Rose, as personal representative of the Estate of Theodore M. Rose, II, Deceased, Defendants.**

Bankruptcy No. 84–00750–BKC–SMW.
Adv. No. 85–0187–BKC–SMW.

United States Bankruptcy Court,
S.D. Florida.

July 12, 1985.

Francis L. Carter, Miami, Fla., for trustee.

William McCabe, Orlando, Fla., for defendant Rose.

J.R. Ricciardelli, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

Having reviewed the stipulated statement of facts submitted by the defendants, and all relevant documents annexed thereto, and having considered the arguments of counsel as presented in their cross-motions for summary judgment with attached memoranda of law, and being otherwise fully advised, this Court reaches the following findings of fact and conclusions of law. This is an adversary proceeding to determine the respective rights and interests of the trustee and a creditor in certain certificates of deposit held by an escrow agent. The plaintiff escrow agent, Fowler, White, Burnett, Hurly, Banick & Strickfoot, P.A. ("Fowler White") filed an adversary complaint in interpleader, naming as defendants J.R. Ricciardelli, Trustee ("the Trustee") and Ella Dorcas Rose ("Rose"), a creditor. Both defendants have filed answers, each claiming the certificates. At the time set for trial of this adversary proceeding on May 29, 1985, counsel for the trustee announced that both defendants had agreed that there were no material facts in dispute and that the plaintiff had no stake in this proceeding except for a claim for attorneys' fees. The defendants further agreed to submit a stipulated statement of facts with relevant documents annexed in lieu of a trial, and to submit cross-motions for summary judgment with supporting memoranda of law.

### Findings of Fact

As previously noted, the defendants agree that the material facts are not in dispute and have stipulated to the following facts:

1. On or about March 28, 1983, Theodore Rose, II agreed to loan and G.O. Harris Financial Corporation ("G.O. Harris" or the "debtor") agreed to borrow the sum of $100,000.00.

2. Contemporaneously and in connection with the above-mentioned loan transaction, the parties executed the following documents which constitute the entire agreement of the parties:

   a. A Loan and Security Agreement.

   b. A Subordinated Note.

   c. A Subordination Agreement.

   d. An Escrow Agreement.

3. Contemporaneously and in connection with the above-mentioned loan transaction, G.O. Harris delivered to Fowler White four (4) Cash Compounder Certificates of Deposit (Zero Coupon) (the "certificates of deposit") issued by Homestead Savings, a federal savings and loan association. The certificates of deposit have an aggregate face value of $100,000.00, payable upon maturity on November 28, 1989.

6. Fowler White has had continuous possession of the certificates of deposit since delivery of the same by G.O. Harris.

7. Pursuant to the Escrow Agreement, Fowler White paid over to G.O. Harris the sum of $100,000.00 upon receipt of the four certificates of deposit.

8. The certificates of deposit are property of the debtor's estate within the mean-

ing of 11 U.S.C. § 541, subject to any lien which Rose may have in the same. Rose and the trustee are the only parties to this adversary proceeding who claim an interest in the certificates of deposit.

9. Theodore Rose, II died on or about April 3, 1984, and Rose was duly appointed as personal representative on or about July 13, 1984 and has continuously and actively served in that capacity since that date.

10. G.O. Harris filed a voluntary Chapter 11 petition on April 24, 1984. J.R. Ricciardelli was duly appointed as the Chapter 11 trustee on May 4, 1984 and has continuously and actively served as trustee since that date.

11. The filing of the Chapter 11 petition by the debtor on April 24, 1984 constituted a default under the provisions of the Loan and Security Agreement, and the debtor remains in default under the provisions of the Loan and Security Agreement.

12. The trustee and Rose further agreed that if the Court finds that no security interest attached to the certificates of deposit until the filing of the Chapter 11 petition, then

(a) the attachment of a security interest on that date would constitute a transfer of an interest of the debtor in property for or on the account of an antecedent debt, namely, the debt incurred by the debtor in connection with the above-mentioned loan transaction on or about March 28, 1983;

(b) the transfer set forth in subparagraph (a) immediately preceding would have been made at a time when the debtor was insolvent; and

(c) the transfer set forth in subparagraph (a) hereof would enable Rose to receive more than she would receive as a general unsecured creditor upon liquidation of the debtor's estate under Chapter 7 of the Bankruptcy Code.

13. The trustee and Rose further stipulated that for purposes of this adversary proceeding only, it is agreed that any Proof of Claim that has been or that may be filed in these Chapter 11 proceedings represents an accurate and valid claim against the Debtor's estate and that, in the absence of any filed Proof of Claim to the contrary, any debt listed on the debtor's Schedules and/or amended Schedules represents an accurate and valid claim against the debtor's estate.

14. Finally, the trustee and Rose stipulated that this Court may take judicial notice of the Claims Docket in these proceedings and such Schedules, if any, as the debtor may have filed in these proceedings, as evidencing the number and amount of claims against the debtor's estate.

*Conclusions of Law*

The trustee contends that the certificates of deposit should be ordered returned to the estate free and clear of any security interest of Rose and posits three different grounds in support of his position. First the trustee argues that even if Rose has a valid and perfected security interest in the certificates of deposit, Rose, as holder of a subordinated note, has no enforceable obligation as to the underlying debt and therefore no security interest should be recognized by this Court. Second, the trustee argues that the language of the Loan and Security Agreement and other pertinent documents indicates that no security interest in the certificates of deposit attached until the filing of the Chapter 11 petition by the debtor, and that the attachment of a security interest on that date constitutes a preferential transfer avoidable under Section 547 of the Code. Third, the trustee asserts that any security interest held by Rose in the certificates of deposit is voidable under Section 544 of the Code because Rose failed to perfect her security interest, as the certificates of deposit have been in the exclusive possession of an escrow agent acting as a neutral party, and thus Rose has not satisfied the perfection by possession requirement imposed by § 679.-304, Florida Statutes.

Rose, on the other hand, argues that although the note which forms the basis of the debtor's obligation to her is expressly subordinated to the claims of other creditors of the debtor, there is no support in

either the Loan and Security Agreement or other relevant documents for the proposition that her security interest in the certificates of deposit is subordinated to any other entity. Further, Rose submits that her security interest attached at the time the Loan and Security Agreement was executed and that the security interest was duly perfected by possession of the escrow agent. In short, Rose argues that she has a valid and perfected and enforceable security interest in the certificates of deposit which should be given full effect by this Court.

As the Court concludes for the reasons which follow that any security interest which Rose may have possibly had in the certificates of deposit is invalid in that the underlying obligation is unenforceable, it is unnecessary to determine whether the security interest attached immediately upon execution of the Loan and Security Agreement or whether possession by an escrow agent satisfied the perfection requirements of § 679.304, Florida Statutes.

The debtor's obligation to Rose is based upon a Subordinated Note, which contains the following language:

> *The indebtedness evidenced by the Note is subordinate and junior in right of payment to any and all indebtedness now outstanding or which may be incurred in the future* consisting of (a) any obligations for the payment of money loaned to the Company [G.O. Harris] by any commercial bank, finance company or financing institution, whether said obligations are secured or unsecured and any renewals and extensions thereof and (b) any additional indebtedness which the Company may create, incur or assume or become liable for, which by the terms thereof is not expressly made subordinate in right of payment to other indebtedness (such indebtedness referred to in the foregoing clauses (a) and (b) hereinafter referred to as superior indebtedness). (Emphasis added).

This language clearly constitutes a subordination agreement. Section 510(a) of the Bankruptcy Code provides that, "A subor-dination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable nonbankruptcy law." The above-quoted language of the Subordinated Note expressly subordinates the obligation due Rose to all other indebtedness of G.O. Harris. Further, one of the provisions of the Subordinated Note which defines the terms "subordinate" and "junior" provides as follows:

> Subordinate and junior as used herein shall be deemed to mean that the indebtedness evidenced by this note shall, in case of default in the payment of interest and/or principal, or in the event of default in the payment of any superior indebtedness of the Company [G.O. Harris], *be entitled to payment only after there shall have first been paid in full all principal and interest then due on such superior indebtedness.* (Emphasis added).

■ Thus, the Subordinated Note expressly provides that Rose shall have no right to payment until all superior indebtedness of the debtor shall have been paid in full. In this regard, this Court takes judicial notice of the fact that the record in these Chapter 11 proceedings indicates rather clearly that the claims of other creditors of the debtor, claims which are superior in right of payment to the obligation represented by the Subordinated Note, have not been and will not be paid in full. Accordingly, under the terms of the Subordinated Note, the Court concludes that Rose has no enforceable obligation against the debtor.

■ Rose contends, however, that even though the debtor's underlying obligation to her may be subordinated to the claims of other creditors, the documents creating her security interest do not subordinate her security interest to any other entity. Assuming without determining that Rose holds a valid and perfected security interest, to be enforceable it must secure an enforceable obligation. The Uniform Commercial Code defines a security interest as, "an interest in personal property which se-

cures payment or performance of an obligation". § 671.201(37), Fla.Stats. Thus, "a security interest has no validity absent its underlying obligation ..." *Bank of Lexington v. Jack Adams Aircraft Sales,* 570 F.2d 1220, 1225 (5th Cir.1978). The definition of a security interest in the Uniform Commercial Code appears to be a codification of the long standing common law principle that in order for a creditor to have lien rights in the property of a debtor, the creditor must hold an enforceable obligation against the debtor. *See Sobel v. Mutual Development Inc.,* 313 So.2d 77 (Fla. 1st DCA 1975); *Vance v. Fields,* 172 So.2d 613 (Fla. 1st DCA 1965); *Progressive Builders, Inc. v. Florida Wide Developers, Inc.,* 142 So.2d 122 (Fla. 3d DCA 1962).

Because Rose has no enforceable obligation against the debtor, any security interest which Rose may otherwise have in the certificates of deposit is invalid and cannot be given effect by this Court. Moreover, it would be inequitable to recognize and give effect to any security interest which Rose may otherwise have in the certificates of deposit, as to do so would enable Rose to receive payment ahead of other creditors of the debtor, contrary to the express provisions of the Subordinated Note and the clear intent of the parties thereto. As is required by Bankruptcy Rule 9021(a) a separate judgment will be entered ordering the escrow agent to turn over the certificates of deposit to the trustee free and clear of any lien asserted by Rose, as property of the estate pursuant to Section 541 of the Bankruptcy Code.