836 P.2d 434

**Theron D. RODNEY, Claimant/Cross–Plaintiff in Interpleader/Appellee,**

v.

**The ARIZONA BANK (now known as Security Pacific Bank Arizona), Claimant/Cross–Defendant in Interpleader/Appellant.**

No. 2 CA–CV 92–0043.

Court of Appeals of Arizona,
Division 2, Department B.

April 7, 1992.
Review Denied Sept. 22, 1992.

Anderson Law Offices by Michael C. Anderson and Nancy K. Anderson, Bullhead City, for claimant/cross-plaintiff in interpleader/appellee.

Polese, Hiner & Nolan by Edwin A. Hiner, Cynthia L. Fulton and Lynn M. Allen, Phoenix, for claimant/cross-defendant in interpleader/appellant.

## OPINION

HATHAWAY, Judge.

## FACTS AND PROCEDURAL HISTORY

The undisputed facts are as follows. In February 1985, Fernando and Alicia Vasquez (Vasquez) purchased real property in Mohave County from Hal Clonts (Clonts) for $25,000. The Vasquez gave Clonts a $25,000 promissory note (the note) secured by a deed of trust (the deed of trust) on the real property. The Vasquez and Clonts set up an account servicing agreement with State Title Company (State Title) to collect and disburse the monthly payments on the note. State Title recorded the note and deed of trust and retained custody of them.

In April 1985, Clonts transferred his interest in the note and deed of trust to Grant and Patricia Fidler (the Fidlers). He effected the transfer by a document, prepared by State Title, entitled Assignment of Beneficial Interest under Deed of Trust. The document provides, in pertinent part:

> [F]or value received, the undersigned Beneficiary hereby assigns and transfers to Grant O. Fidler and Patricia L. Fidler, his wife, all beneficial interest under that certain Deed of Trust ... [t]ogether with any and all notes and contracts described or referred to in said Deed of Trust, all sums, including interest, due to become due thereunder, and all rights accrued or to accrue thereunder.

On April 11, 1985, the Fidlers, to secure repayment of a bank loan to them, assigned to State Bank, now called Security Pacific Bank Arizona (appellant Security Pacific), "all monies now due and payable, or hereafter to become due and payable [to Fidlers], in connection with Escrow # 85–02–9290" (the State Title escrow account containing the note and deed of trust). The assignment further provided that "when all of the aforesaid indebtedness owing by the Assignor to the Assignee shall be fully paid, (Security Pacific) will ... reassign all monies covered by this Assignment to the Assignor." Security Pacific immediately notified State Title of its security interest in the note. State Title accepted and acknowledged that interest.

In September 1986, the Fidlers again transferred their interest in the note, this time to appellee Theron D. Rodney, plus their interest in the deed of trust, in exchange for $20,000. The transfer was effected via the standard document known as an Assignment of Beneficial Interest under Deed of Trust, which contains the relevant boilerplate language quoted above. Using the services of State Title, Rodney recorded the assignment in the Mohave County Recorder's office. He then made demand on State Title to begin remitting the note proceeds to him. Upon formal notification in May 1988 of the competing interests for the proceeds on the note, State Title placed the funds in an impound account and filed an interpleader action. The note and deed

of trust remain in State Title's custody, and the Vasquez' payments on the note remain current.

Rodney and Security Pacific filed cross-motions for partial summary judgment. Security Pacific claimed that it is entitled to the note proceeds because it had perfected its security interest in the funds pursuant to Article Nine of the Uniform Commercial Code (the UCC), which Arizona has adopted. A.R.S. §§ 47–9101 through 47–9507. Rodney argued that because the note is secured by a deed of trust, Arizona law concerning the perfection of a lien against real property governs perfection of a security interest in the note proceeds. Rodney claimed that because he had recorded the document assigning him a beneficial interest in the deed of trust pursuant to A.R.S. § 33–411 (the Arizona real property recording statute), and Security Pacific had failed to record its assignment, he is entitled to the note proceeds as a matter of law. The trial court granted partial summary judgment in favor of Rodney, ruling that he is the owner of the note and deed of trust. Security Pacific now appeals from that judgment.

## DISCUSSION

Security Pacific raises a single issue on appeal: Does Article Nine of the UCC or A.R.S. § 33–411(A) apply to creation and perfection of a security interest in a promissory note, when the note itself is secured by a deed of trust on real property? The resolution of this issue determines whether Security Pacific or Rodney is entitled to the proceeds of the note.

■ Questions of law are reviewed de novo on appeal. *City of Scottsdale v. Thomas*, 156 Ariz. 551, 753 P.2d 1207 (App. 1988). Where the facts are undisputed and the issue is one of pure law, this court is free to substitute its legal analysis of the record for that of the trial court. *Fountain Hills Civic Ass'n, Inc. v. City of Scottsdale*, 152 Ariz. 569, 733 P.2d 1152 (App.1986).

## I.

Security Pacific argues that the Fidlers' assignment of the note proceeds to it gave it a security interest in the note, but not in the real property encumbered by the deed of trust, and, therefore, the provisions of Article Nine apply to perfection of that interest.

■ We first seek to clarify the nature of Security Pacific's interest created by the assignment. It is true that Security Pacific expressly received only an interest in the note for the purpose of applying the note proceeds to the Fidlers' outstanding debt. The document of assignment makes no reference to an interest in the deed of trust. However, both Arizona statutory and case law have resolved that a debt for purchase of real property (and the promissory note that is evidence of that debt) cannot be separated from the mortgage (or deed of trust) securing that debt. In *Hill v. Favour*, 52 Ariz. 561, 568, 84 P.2d 575, 578 (1938), our Supreme Court held that

> [T]he mortgage is a mere incident to the debt and ... its transfer or assignment does not transfer or assign the debt or the note. *The mortgage goes with the note.* If the latter is transferred or assigned, the mortgage automatically goes along with the assignment or transfer.

(Emphasis added) See also *Allen v. Hamman Lumber Co.*, 44 Ariz. 145, 34 P.2d 397 (1934); *Campbell v. Warren*, 151 Ariz. 207, 726 P.2d 623 (App.1986); *Empire Machinery Co. v. Union Rock & Materials Corp.*, 119 Ariz. 145, 579 P.2d 1115 (App.1978). A.R.S. § 33–817 provides that "[t]he transfer of any contract or contracts secured by a trust deed shall operate as a transfer of the security for such contract or contracts." In light of this principle, we find that Security Pacific received a corollary security interest in the real property, evidenced by the deed of trust, along with its interest in the note, although the corollary interest remained unperfected.

■ Notwithstanding our finding regarding the nature of Security Pacific's interest, we agree with Security Pacific's contention that Article Nine applies to perfection of its interest in the note. Security

Pacific's interest in the note is a security interest under A.R.S. § 47–1201(37), which defines a security interest as "an interest in personal property . . . which secures payment or performance of an obligation." The Fidlers' transference to Security Pacific of a security interest in the note as collateral for the Fidlers' obligation to the bank is not negated by the arrangement that the note proceeds also serve as the source of the funds for repayment of the loan. Arizona case law holds that a mortgage note and the debt evidenced thereby are personal property. *Hill v. Favour*, supra, 52 Ariz. at 571, 84 P.2d at 579. Article Nine of the UCC applies to security interests in personal property, specifically including "documents, instruments, general intangibles, chattel paper or accounts." A.R.S. § 47–9102(A)(1). Article Nine's applicability is not undermined by the collateral (note) being secured by real property. A.R.S. § 47–9102(C) provides:

> The application of this chapter to a security interest in a secured obligation is not affected by the fact that the obligation is itself secured by a transaction or interest to which this chapter does not apply.

Commentators J. White and R. Summers have elucidated this murky area. They identify "realty paper" as one of several exceptions to the general principle that Article Nine does not apply to realty interests. Uniform Commercial Code, Practitioners' Edition Vol. II. § 23–7 p. 270 (3d ed.) 1988. They give the following example of "realty paper:"

> B mortgages his real estate to L. L gives B's note and the real estate mortgage to Bank as security for a loan. Article Nine does not apply to the transaction between L and B, but does apply to that between L and Bank.

Id. This example perfectly describes the instant situation, with L and the Bank representing the Fidlers and Security Pacific. White and Summers point out that such "realty paper" falls within the plain meaning of UCC § 9–102(3), adopted in Arizona as A.R.S. § 47–9102(C), cited supra. Id.

White and Summers also note that there is an apparent conflict in the UCC regarding a security transfer of a note and mortgage. They state that, in apparent contradiction with UCC § 9–102(3),

> 9–104(j) states that Article Nine does not apply "to the creation or transfer of an interest in or lien on real estate. . . ." Yet comment 4 to 9–102 makes it clear that Article Nine is intended to apply in some measure to a security transfer of a note and mortgage.

Uniform Commercial Code, § 23–7, p. 270 (3rd ed.) 1988. They further note:

> Actions taken by transferees of these interests in order to perfect have reflected the confusion in the case law. Some transferees have taken possession of the note and failed to record in the real estate records, while others have recorded in the real estate records but failed to take possession of the note. Courts generally follow comment 4 to 9–102 and conclude that Article Nine governs perfection of a security interest in the note and no action need be taken with regard to the mortgage, nor any filing be done in the real estate records.

Id. at 271. (footnote omitted.) White and Summers cite Professor Jan Krasnowiecki's analysis of this subject:

> [Professor Krasnowiecki] argues that the parties to these transactions live in two separate worlds, that of the mortgagee and that of the mortgagor. Parties dealing with the mortgagee essentially deal with personal property (the right to a stream of payments) that happens to be secured by a real estate mortgage. Most of their rights should be governed by Article Nine. Possession of the note perfects their interest even if they take no action with respect to the mortgage. On the other hand, he argues that the mortgagor's interest is a real estate interest. Those dealing with the mortgagor should be expected to record their interest there.

Id., citing Krasnowiecki, et al., *The Kennedy Mortgage Co. Bankruptcy Case: New Light Shed on the Position of Mortgage Warehousing Banks*, 56 Am.Banker L.J. 325 (1982).

White and Summers state that a consensus is emerging regarding this crucial legal problem. White and Summers at 271. The

federal decisions they cite, Id. at 271–274, involved creditors' competing claims for promissory note proceeds, where the note served as collateral for a debt and was itself secured by a mortgage, provide persuasive precedent for the instant case. In *In re Kennedy Mortgage Co.*, 17 B.R. 957 (D.N.J.1982), First National Bank of Boston loaned money to Kennedy Mortgage Company on a warehousing line of credit, under which First National took possession of five promissory notes secured by mortgages also assigned to First National. The court held that First National perfected a security interest in the notes by taking possession as required by Article Nine, and that the exclusions of U.C.C. § 9–104(j) did not affect this holding, because it applies to "real estate law protecting those in the world of the mortgagor ..." White and Summers at 272, citing *In re Kennedy Mortg. Co., supra.*

In *In re Maryville Savings and Loan Corp.*, 743 F.2d 413 (6th Cir.1984), supplemented, 760 F.2d 119 (6th Cir.1985), the bank took an assignment of a mortgage and promissory note as security for a loan to the debtor, and recorded the assignment in the real estate records without taking possession of the note. In its opinion on reconsideration in this case, the Sixth Circuit Court of Appeals found that the bank did not have a perfected security interest where the proceeds at stake resulted merely from the satisfaction of the promissory note, and therefore, the trustee prevailed over the bank. 760 F.2d at 120 (6th Cir. 1985).

■ We hold that Article Nine of Arizona's Commercial Code applies to creation and perfection of a security interest in a promissory note, when the note itself is secured by a deed of trust in real property. Accordingly, recording the document assigning an interest in the note and the deed of trust that secures it under A.R.S. § 33–411 does not perfect the security interest in the note. This holding poses no conflict, in our opinion, with the rule that A.R.S. § 33–411 governs perfection of a security interest in real property, as evidenced by a deed of trust.[1]

This holding requires us to revisit our opinion in *United States v. Hoffman*, 103 Ariz.Adv.Rep. 67 (Court of Appeals, January 9, 1992), corrected 826 P.2d 340 (Ariz. App.1992), supplemental opinion 106 Ariz. Adv.Rep. 65 (Court of Appeals, February 20, 1992), which also involved competing claims for the proceeds of a promissory note secured by a deed of trust. There, we observed that the note in question was not "realty paper" as described by White and Summers, and found that Article Nine did not apply to perfection of a security interest in the note. 103 Ariz.Adv.Rep. at 69. We cited *Rucker v. State Exchange Bank*, 355 So.2d 171 (Fla.App.1978), where the funds at issue were proceeds from a mortgage foreclosure sale, for the proposition that the assignment of a real estate mortgage securing a promissory note is not a secured transaction under Article Nine. *Id.* We did not note the distinction between the separate worlds of the mortgagee and the mortgagor, and the resulting critical difference between claims and controversies involving promissory note proceeds versus those involving proceeds of a foreclosure sale of real property. To the extent that *Hoffman* is inconsistent with this opinion, it is overruled.

## II.

■ We now address the question of whether appellant perfected its security interest in the note proceeds in accordance with Article Nine. A.R.S. §§ 47–9203(A) and 47–9305 provide that a secured party may perfect a security interest in collateral in the form of an instrument or negotiable document by taking possession of the collateral. A.R.S. § 47–9305 further provides that where the instrument or negotiable document is held by a third party, "the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest."

---

1. We note that this position is consistent with that advocated by the panel that presented a recent seminar on this subject, cosponsored by the University of Arizona College of Law and the Real Property Section of the State Bar of Arizona, and chaired by Professor William C. Boyd. *See* "Security Interests in Notes Secured By Deeds of Trust or Mortgages," State Bar of Arizona Continuing Legal Education (1991).

It is undisputed that although Security Pacific never had physical possession of the note, it notified State Title in writing on April 11, 1985 of its security interest. Accordingly, it took constructive possession of the note and State Title acknowledged Security Pacific's interest. We find, therefore, that as of that date, Security Pacific had perfected its security interest in the note in accordance with Article Nine. Therefore, Security Pacific's perfected security interest in the note is superior to any interest that Rodney might have. We note that Rodney's notification to State Title of the Fidlers' assignment to him would have perfected his interest under Article Nine, had Security Pacific not preceded him.

### III.

Rodney argues in the alternative that he is a "bona fide purchaser" (or, in the language applicable to promissory notes, a "holder in due course") and thus takes the note free of Security Pacific's claim. The note is a negotiable instrument under A.R.S. § 47-3104. Article Three of Arizona's Commercial Code (A.R.S. §§ 47-3101 to 47-3805) determines Rodney's rights under the note. To assert the right of a holder in due course, Rodney (1) must be a holder, (2) who takes the note for value, (3) in good faith, and (4) without notice that it is overdue or has been dishonored or of any defense or claim to it on the part of any person. A.R.S. § 47-3302(A). Rodney has never had possession of the note. Therefore, this argument necessarily fails.

We reverse the trial court's granting of summary judgment in favor of Rodney, and direct that judgment be entered awarding the proceeds of the note to Security Pacific, under the terms of the Fidlers' assignment to it. Each party shall bear their own attorney's fees.

FERNANDEZ, P.J., and HOWARD, J., concur.